(48 Misc. Rep. 277)

### RISLEY v. HARLOW et al.

(Supreme Court, Special Term, Oswego County.  September, 1905.)

DEPOSITION—DEFECTIVE CERTIFICATION—RETURN FOR CORRECTION.

> Where defendant moves to suppress a deposition because the commissioner's certificate is not attached nor is his name subscribed to the deposition, as required by Code Civ. Proc. §§ 901, 902, the plaintiff should be allowed to return it to the commissioner for amendment.
>
> [Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Depositions, §§ 213, 215.]

Action by Adelbert D. Risley against Charles H. Harlow and others.  Motion to suppress a deposition.  Granted on conditions.

Griggs, Baldwin & Baldwin and Philip S. Hill, for the motion.
Risley & Love, opposed.

WRIGHT, J.  The only objections not satisfactorily answered in the opposing papers are, first, the allegation that the commissioner's certificate is not attached to each deposition according to section 902 of the Code of Civil Procedure; second, the allegation that the commissioner did not subscribe his name to each exhibit and to each half sheet of each deposition as required by section 901 of the Code of Civil Procedure.

It is proper to allow depositions defective in formal requisites to be withdrawn from the files and amended by the respective officers taking them.  Wallace v. Byers (Tex. Civ. App.) 38 S. W. 228.  In Brown v. Clark, 41 N. H. 242, the proper practice was held to be the return of the whole deposition to the magistrate for a new certificate or proper amendment to be by him annexed to the deposition and directed to the court where it was to be used.  See, also, 13 Cyc. 969, 970; 6 Ency. Pl. & Pr. 606; 16 Am. Dig. (Cent. Ed.) 1186; Wells v. Hub Pub. Co., 12 Wkly. Dig. 425; Keeler v. Vanderpool, 1 Code R. (N. S.) 289.  I think, therefore, that the plaintiffs should be allowed to return the commission and depositions to the commissioner for the purpose of amending them by signing his name to each half sheet of each deposition and to each exhibit, and also for the purpose of attaching his certificate to each of the depositions, according to sections 901 and 902 of the Code of Civil Procedure.

An order may be prepared accordingly.  Ten dollars costs are awarded to the defendants, to be set off against the $20 cost due the

plaintiff from the defendants, as to which the defendants are in default on prior motions. If the plaintiff does not desire the order above indicated, the motion is granted, with $10 costs to be allowed as an offset against the $20 costs above mentioned.

Ordered accordingly.