■ ROBERT DEANGELIS, Respondent, v JOHN IZZO et al., Doing Business as ACADEMY OF OKINAWAN KARATE, et al., Appellants. [596 NYS2d 560] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Doran, J.), entered June 24, 1992 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint.

This action has its genesis in an accident which occurred at the Academy of Okinawan Karate, a school owned by defendants John Izzo and Bert Randio. As part of his eighth half-hour semiprivate karate lesson—the first seven consisted of push-ups, sit-ups and instruction in basic karate moves or stances—at the Academy, and while under the instruction of defendant Anthony Fontanelli, plaintiff engaged in a sparring exercise with another beginning student and received a blow to the head. It is alleged that because of the blow plaintiff was required to undergo two separate craniotomy procedures, resulting in permanent physical damage and emotional difficulties.

Plaintiff's complaint charges that defendants were negligent

in failing to provide him with adequate instruction prior to allowing him to spar with other beginning students, and in failing to furnish proper protective equipment or supervision during the exercise. Issue was joined and discovery had, following which defendants moved for summary judgment on the ground, to the extent relevant here, that plaintiff had assumed the risk of injury. Concluding that the scope of plaintiff's consent raised a question of fact, Supreme Court refused to grant summary judgment. Defendants appeal.

Because we agree that there is a question of fact as to the scope of plaintiff's knowledge of the risks posed by and inherent in karate sparring, we affirm. Karate is not a commonly observed sport such as football or baseball, where the dangers are apparent to anyone who has engaged in the activity; to the contrary, much of the appeal of karate stems from the fact that it consists of specialized training to enable the practitioner to punch or kick in an effective manner. The record indicates that prior to sparring, beginners at defendants' school were trained in kicking and punching—presumably in the particularly effective methods of doing so that are at the heart of karate—but apparently not in the blocks or counters that are effective against such blows. Given the limited amount of plaintiff's preparation, it is not at all clear that the risks to which plaintiff was to be exposed by participating in this activity would have been " 'known, apparent or reasonably foreseeable' " to him *(Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657, quoting *Turcotte v Fell,* 68 NY2d 432, 439; see, *Stevens v Central School Dist., No. 1,* 21 NY2d 780, 782).

Furthermore, the record establishes not only that sparring may be a dangerous activity, but also that it is more dangerous to spar with a relatively unskilled partner than with an experienced opponent; this risk being somewhat counterintuitive, it calls into question the degree of care exercised by defendants "to make the conditions [plaintiff would be exposed to] as safe as they appear[ed] to be" *(Turcotte v Fell,* 68 NY2d 432, 439, *supra),* as well as the extent to which plaintiff, who was a karate novice, was aware of the danger.

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.