JOHN M. FERONE, Respondent, v SACHEM C.S.D. AT HOLBROOK et al., Appellants. [639 NYS2d 43]

The plaintiff was injured during a softball game when, while chasing a long, foul, fly ball, he ran into a soccer goal post located on the field. In their respective motions for summary judgment the defendants contended that the plaintiff assumed the risk of injury. The Supreme Court denied the motions and we now reverse.

It is well settled that one who voluntarily participates in a sporting activity "is deemed to have consented to accept the risk of injuries that are 'known, apparent or reasonably foreseeable consequences of the participation' " (*Mauner v Fienstein,* 213 AD2d 383, quoting *Turcotte v Fell,* 68 NY2d 432, 438-439). However, the assumption of risk doctrine is qualified to the extent that participants do not assume risks that are " 'unreasonably increased or concealed' " (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658). In that respect, a landowner's duty of care to a participant is "to exercise care to make the conditions as safe as they appear to be. If the risks of

the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (*Turcotte v Fell, supra,* at 439). Under the circumstances here, the risk presented by the goal post was not a concealed one and the plaintiff consciously assumed that risk by his voluntary participation in the game (*see, Pascucci v Town of Oyster Bay,* 186 AD2d 725). Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.