■ CYNTHIA PETRETTI, Respondent, v JEFFERSON VALLEY RACQUET CLUB, INC., Appellant, et al., Defendant. [668 NYS2d 221] —In an action to recover damages for personal injuries, the defendant Jefferson Valley Racquet Club, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered January 10, 1997, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured while taking a tennis lesson. According to the plaintiff, the instructor "would hit the ball to each one of us in quick succession and whoever was at the particular place would hit the ball and move". The plaintiff described the occurrence which caused her injury, stating, "I was standing there with my racquet * * * ready, in position * * * waiting for the ball to come and all of a sudden I felt something smash me in the eye * * * which was, of course, obviously the ball".

In the ensuing action to recover damages for personal injuries, brought by the plaintiff against the instructor and the appellant Jefferson Valley Racquet Club, Inc., the latter moved for summary judgment based on an affirmation by its attorney which stated, inter alia, that, "[a]s evidenced by her deposition testimony, [the plaintiff] knew the ball would be hit in her direction and, voluntarily, waited for the ball". Counsel argued that tennis "at it's [sic] very nature is an activity involving the hitting of a ball to and fro". Therefore, counsel asserted, the plaintiff's action should be dismissed based on the doctrine of assumption of the risk. In opposition, the plaintiff contended that the instructor was negligent in hitting the ball erratically and at too great a rate of speed. The Supreme Court denied the motion. We affirm.

We cannot accept the appellant's implicit argument that, in the case of a neophyte such as the plaintiff, the doctrine of assumption of the risk should be applied with the same force as in the case of an experienced player. In this case, the relationship between the instructor, on the one hand, and the plaintiff, a complete novice, on the other, was such that "[t]o all intents and purposes he was her superior whose orders she was obliged to follow" (Verduce v Board of Higher Educ., 9 AD2d 214, 220, revd 8 NY2d 928 on dissenting opn below; see also, Benitez v New York City Bd. of Educ., 73 NY2d 650, 657-658; Kelly v Warner Bros., 230 AD2d 829; Conolly v St. John's Univ., 176 AD2d 625). Here, as in Verduce v Board of Higher Educ. (supra), there was "an assurance of safety * * * implicit in the supervisor's direction" (Benitez v New York City Bd. of Educ., supra, at 658).

We acknowledge that a student may properly be found to have assumed the risks inherent in the process of learning a particular sport (e.g., Roots v Claremont Riding Academy, 20 AD2d 536, affd 14 NY2d 827), and that the association of certain risks with certain sports is something which may be

"comprehended even by a novice" (*Steegmuller v Siegel,* 202 AD2d 855, 856). This does not mean that a novice skier automatically assumes the risks associated with the expert slope, or that a student taking his first karate lesson automatically assumes the risks inherent in defending himself or herself against a full scale assault carried out by an expert martial artist (*cf., Beck v Scimeca,* 90 NY2d 471; *Chimerine v World Champion John Chung Tae Kwon Do Inst.,* 90 NY2d 471). Here, "[g]iven the limited amount of plaintiff's preparation, it is not at all clear that the risks to which plaintiff was to be exposed * * * would have been ' "known, apparent or reasonably foreseeable" to [her]' " (*Deangelis v Izzo,* 192 AD2d 823, 824, quoting *Benitez v New York City Bd. of Educ.,* 73 NY2d 650, *supra; Turcotte v Fell,* 68 NY2d 432, 439).

In sum, there are issues of fact concerning the nature of the risks actually assumed by the plaintiff, and as to whether the risks to which she was subjected were among those that she reasonably can be said to have assumed. For these reasons, summary judgment was properly denied. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.