■ James Taylor, Respondent, v Massapequa International Little League et al., Appellants. [689 NYS2d 523] —In an

action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated August 6, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In 1995, the infant plaintiff (hereinafter the plaintiff), then 10 years old, played in a baseball league operated by the defendants. It was his first year in the so-called "minor-league" level, after two years at the "farm" level. At a game played on May 31, 1995, the plaintiff's coach allegedly instructed the team for the first time that they had to slide into the bases or else they would be automatically "out". However, the plaintiff alleged that he had never previously slid into a base and nobody, including his coach, had ever taught him the proper way to slide. The plaintiff alleged that, during the game, as he slid into third base at his coach's direction, he injured his left knee. Thereafter, the plaintiff commenced this action to recover damages arising from personal injuries. He alleged, *inter alia*, that the defendants were negligent in "failing to provide adequate training and/or coaching for the activities required during baseball games". After issue was joined and discovery completed, the defendants' moved for summary judgment dismissing the complaint on the ground that the plaintiff had assumed the risk of the injuries alleged. The Supreme Court denied the motion, finding questions of fact.

In general, the doctrine of assumption of the risk provides that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York,* 90 NY2d 471, 484; *see also, Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658). Thus, a defendant may be relieved from liability for injuries to a participant arising from such risks "when a consenting participant is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks" (*Morgan v State of New York, supra,* at 484). Awareness, appreciation, and assumption of risks known, apparent, or reasonably foreseeable, is not to be determined in a vacuum, but is rather to be " 'assessed against the background of the skill and experience of the particular plaintiff' " (*Morgan v State of New York, supra,* at 486; *see also, Petretti v Jefferson Val. Racquet Club,* 246 AD2d 583). The doctrine is not an absolute defense but a measure of the defendant's duty of care (*see, Morgan v State of New York, supra; Turcotte v Fell,* 68 NY2d 432). Here, given, *inter alia,* the young age of the plaintiff

at the time of the injuries at issue and the alleged lack of proper instruction, we agree that, on the record presented, it may not be determined as a matter of law that the plaintiff was aware of, appreciated, and voluntarily assumed the risks from which his injuries allegedly arose (*see, Petretti v Jefferson Val. Racquet Club, supra; Moschella v Archdiocese of N. Y.,* 48 AD2d 856; *Darrow v West Genesee Cent. School Dist.,* 41 AD2d 897). Ritter, J. P., Joy, Altman and Smith, JJ., concur.