OPINION OF THE COURT
Marilyn Shafer, J.
*558 Background
Plaintiff boarded a roller coaster ride at defendant amusement park and subsequently suffered neck and back injuries allegedly caused by the ride. Defendant Six Flags Theme Park, Inc., brings this motion for summary judgment, claiming that plaintiff assumed the risk of the ride, that he had ample opportunity to observe the ride and was advised of known dangers through the warnings posted and souvenir manual description.
Discussion
The doctrine of assumption of risk is applicable towards determining what if any duty was owed by defendant to plaintiff, the breach of which caused damage to plaintiff. Assumption of risk requires not only knowledge by the plaintiff of the injury-causing defect but also an appreciation by the plaintiff of the resultant risk (Maddox v City of New York, 66 NY2d 270 [1985]; Radwaner v USTA Natl. Tennis Ctr., 189 AD2d 605 [1st Dept 1993]). By engaging in a recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the activity generally. Participants will not, however, be found to have assumed the risks of reckless or intentional conduct, or concealed risks (Morgan v State of New York, 90 NY2d 471 [1997]). As a matter of law, a plaintiff cannot assume a risk she was unaware of (id.). Instead, the risk must be fully comprehended by or perfectly obvious to the plaintiff (id.). These inquiries are generally a question of fact for the jury and dismissal of the complaint as a matter of law is only warranted when the evidentiary materials before the court pose no fact issues for decision by the trier of fact (Maddox v City of New York, supra).
Plaintiff admits seeing a sign that warned against pregnant women or those with existing conditions in the neck or back boarding the ride. It is undisputed that Mr. Beroutsos falls in neither category. Whether or not the sign warns patrons with no history of neck or back problems of the risk of resulting neck and back injury is an issue for determination by the jury. Defendant replies that the amusement park’s souvenir manual’s description of the roller coaster, “brace yourself for one of the tallest, fastest looping coasters in the world!” sufficiently warned patrons to brace themselves. There is no evidence submitted that plaintiff read the manual, and even assuming that he did, it cannot be established as a matter of law that the aforementioned description made known the risk of ensuing back and neck injuries in healthy individuals. The *559 usual risks of roller coaster rides assumed by ordinary people can include dizziness, nausea, vomiting, and, for some, regret. Defendant’s argument that the refusal of plaintiffs co-worker to participate is evidence that the risks were obvious is unconvincing, as there is no evidence why she refused to enter the 360-degree turning apparatus. As plaintiff notes, she could have recently eaten a spicy hotdog, be pregnant or generally dislike roller coasters. In opposition, plaintiffs submissions include an expert affidavit from an engineer who inspected the subject roller coaster and opined that its defective design and operation, including insufficient head cushioning and lack of head restraint, proximately caused plaintiffs injuries, that the ride was unsafe and its problems were not open and obvious to an ordinary patron (see, Owen v RJS Safety Equip., 79 NY2d 967 [1992]).
Conclusion
On this motion for summary judgment, Six Flags bears the initial burden of establishing its entitlement to judgment as a matter of law (Loewenthal v Catskill Funland, 237 AD2d 262 [2d Dept 1997]). This court finds that defendant failed to demonstrate its entitlement to the extraordinary remedy of summary judgment especially in light of plaintiffs evidence establishing the existence of questions of fact concerning the nature of the risks actually assumed by the plaintiff and whether those risks were among those that he reasonably can be said to have assumed (Taylor v Massapequa Intl. Little League, 261 AD2d 396 [2d Dept 1999]). These questions require submission to a jury for resolution (Petretti v Jefferson Val. Racquet Club, 246 AD2d 583 [2d Dept 1998]).
Accordingly, summary judgment is denied.