OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
In this action to recover for personal injuries, the infant plaintiff testified at his examination before trial that, on his first day of kickboxing class at defendants’ martial arts academy, he was placed in an advanced class and paired up with an experienced partner who flipped or threw him onto the ground causing him to sustain a broken toe. Defendants moved for summary judgment arguing that the infant plaintiff signed a release which precluded the instant action and, in any event, he assumed the risk of participating in the activity. Defendants argued that according to the deposition testimony of defendant Neglia, the owner of the martial arts academy, plaintiff was not paired up on the first day of class and was injured when he tripped over his own feet.
It is well settled that infants are not bound by releases or waivers which exculpate defendants from liability for causes of action to recover damages for personal injuries since they lack the capacity to enter into such agreements (see Kaufman v American Youth Hostels, 6 AD2d 223 [1958]; People ex rel. Byrnes v Goldman, 59 Misc 2d 570 [1969]). Accordingly, the release signed by the 14-year-old plaintiff is unenforceable without regard to whether it would be void pursuant to General Obligations Law § 5-326, a question we do not reach.
While a novice may comprehend the risks associated with certain sports, where the novice has received limited prepara *17 tion regarding the sport, it cannot be said that the risks to which he was to be exposed were “known, apparent or reasonably foreseeable” to him (see Petretti v Jefferson Val. Racquet Club, 246 AD2d 583, 585 [1998]; Deangelis v Izzo, 192 AD2d 823, 824 [1993]). In light of the foregoing, we are of the opinion that questions of fact exist as to how plaintiff was injured, whether the risk of injury which plaintiff was to be exposed to by participating in this activity was known, apparent or reasonably foreseeable to him and whether the defendants exercised reasonable care to protect plaintiff from “unassumed, concealed or unreasonably increased risks” (Benitez v New York City Bd. of Educ., 73 NY2d 650, 658 [1989]). Accordingly, the lower court properly denied defendants’ motion for summary judgment.
We are cognizant of the fact that courts have awarded summary judgment in favor of defendants finding that the plaintiff assumed the risk in participating in karate activities (see Beck v Scimeca, 90 NY2d 471 [1997]; Chimerine v World Champion John Chung Tae Kwon Do Inst., 90 NY2d 471 [1997]; Sanperi v Junsch, 274 AD2d 462 [2000]; Vendura v Fasano, 236 AD2d 465 [1997]). However, we note that these cases are clearly distinguishable from the case at hand in that the plaintiffs therein were either experienced in the art of karate or the risk of injury was obvious and reasonably foreseeable.
Pesce, P.J., Aronin and Patterson, JJ., concur.