■ JANE CALOURI et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants. [841 NYS2d 598]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated April 3, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

According to her testimony at a hearing conducted pursuant to General Municipal Law § 50-h, the plaintiff Jane Calouri (hereinafter the plaintiff), a 40-year-old woman, who had just entered her first year at Suffolk County Community College, enrolled in a course in "backpacking" to satisfy the college's physical education requirement. The plaintiff believed that the backpacking course was the least strenuous of the several courses offered to satisfy the requirement. The plaintiff was the oldest student in the class by approximately 20 years, as well as

the shortest. Approximately two weeks into the semester, the students in the physical education class were divided into two teams, and the gym instructor directed them to perform a number of activities. The last of these was an activity in which the plaintiff had never engaged, and of which she had not previously heard. As part of the activity, a rope was tied to the back of two folding chairs and the instructor advised the students that each team member had to go over the rope without making contact with it. If any team member touched the rope, the whole team had to start the task again. The team members were also instructed that each of them had to remain in physical contact with another team member while attempting to clear the rope.

The plaintiff proceeded to make several unsuccessful attempts to clear the rope without any assistance. Eventually, she advised her teammates that she was unable to do so and that they should continue without her. The gym instructor, who had been observing the class from the back of the room, approached the members of the plaintiff's team and said, "let me give you a hint," and with those words, pointed to the members of the other team. One of the members of that team was kneeling on the floor in front of the rope and the other members of that team were using his knee as a prop to step over the rope. Thereafter, one of the plaintiff's teammates, a male teenager, knelt down in front of the rope on his left knee. His right foot was placed on the ground such that his right thigh was parallel to the ground and rope. The plaintiff proceeded to place her own right foot on the "step" created by her fellow student's extended right thigh. However, as the plaintiff placed her left leg over the rope, she felt the male student's thigh begin to wobble, causing her to lose her balance, such that her left foot slammed to the floor. As a result of the accident, the plaintiff sustained fractures in her leg and ankle.

"The doctrine of assumption of risk is a form of measurement of a defendant's duty to a voluntary participant in a sporting activity" (*Manoly v City of New York,* 29 AD3d 649, 649 [2006]). The voluntary participant is deemed to have consented to apparent or reasonably foreseeable consequences of engaging in the sport (*see Morgan v State of New York,* 90 NY2d 471, 484 [1997]; *Lapinski v Hunter Mtn. Ski Bowl,* 306 AD2d 320 [2003]; *Ferone v Sachem C.S.D. at Holbrook,* 225 AD2d 518 [1996]).

Under these circumstances, where the plaintiff was a neophyte with regard to the activity she was directed to perform, the doctrine of assumption of risk should not be applied with the same force as in the case of an experienced athlete (*see Petretti v Jefferson Val. Racquet Club,* 246 AD2d 583, 584

[1998]). The relationship between the gym instructor, on the one hand, and the plaintiff, a complete novice, on the other, was such that, for all intents and purposes, the gym instructor was the plaintiff's superior whose directions she was obliged to follow (*see Petretti v Jefferson Val. Racquet Club, supra*). Accordingly, a triable issue of fact exists as to whether the plaintiff acted voluntarily in attempting the strategy suggested by the gym instructor and whether the doctrine of assumption of risk applies to this case. Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.