OPINION OF THE COURT
Leventhal, J.
The defendant St. George Health and Racquetball Associates, LLC, doing business as Eastern Athletic Club (hereinafter Eastern Athletic), operates a fitness center in Brooklyn. In May 2009, the plaintiff, who was 72 years old at the time, attended a morning body sculpting class held at Eastern Athletic. During the class, a substitute instructor, the defendant Trevor Douglin, gave the plaintiff an exercise ball to sit on and use. The plaintiff allegedly fell off the exercise ball and sustained injuries.
*48 At her deposition, the plaintiff testified that she joined Eastern Athletic in 2007, and attended fitness classes there twice a week. Those classes were generally taught by nonparty fitness instructor James Martinelli. During the body sculpting classes, the students would lie on mats and perform various exercises, stretch, and lift weights. On the date of the accident, Douglin gave all the students exercise balls to sit on; the plaintiff had not previously used an exercise ball. When the plaintiff sat down on the ball, she and the ball rolled over and she fell. At that time, she did not require medical assistance, did not tell Douglin that she required assistance, and remained in the class almost to the end.
The plaintiff testified that Douglin failed to supervise her use of the exercise ball and never asked her if she had ever used such a ball before. The plaintiff acknowledged that she was responsible for her own safety in the class, which included deciding for herself what types of activities she could safely perform within her own abilities. In addition, the plaintiff testified that when Douglin gave her the ball, she never expressed concern to him over her lack of experience with it, and did not tell him that she did not want to use it.
At his deposition, Douglin testified that, prior to teaching a class, he instructed the students that it was up to each individual to decide what he or she will attempt in the class and at what skill level. Prior to the plaintiffs accident, and before giving the students the exercise balls, he asked the class if they wanted to try them and everyone said yes. He had never before had anyone fall off an exercise ball during class. Douglin recalled that while everyone was working with an exercise ball on the date of the accident, the plaintiff fell off her ball.
By summons and verified complaint, the plaintiff commenced this action against Eastern Athletic and Douglin to recover damages for personal injuries. The complaint alleged, inter alia, that Eastern Athletic was negligent in its failure to adequately train, supervise, or provide for an appropriate instructor.
In its answer, Eastern Athletic asserted that any injuries sustained were caused by the plaintiffs culpable conduct, and that pursuant to the doctrine of primary assumption of risk, the plaintiff was barred from recovery.
Following the completion of discovery, Eastern Athletic moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff “voluntarily and knowingly assumed the obvious risk of injury inherent in *49 attempting to balance while seated on an exercise ball while participating in the ‘Body Sculpting’ ” class. In support of its motion, Eastern Athletic submitted, inter alia, the pleadings, an unsigned and uncertified copy of the plaintiff’s deposition transcript, and an unsigned copy of Douglin’s deposition transcript.
In opposition, the plaintiff argued that copies of the deposition transcripts submitted by Eastern Athletic were “not in evidentiary form given that they are unverified and unsubscribed.” On the merits, the plaintiff argued that because she had never used an exercise ball prior to her accident, the doctrine of primary assumption of risk did not apply with the same force as it would in the case of an experienced athlete.
In reply, Eastern Athletic argued that the copy of the plaintiffs unsigned deposition transcript was admissible pursuant to CPLR 3116 (a) because on January 5, 2011, its counsel forwarded to the plaintiff’s attorney the original transcript of the plaintiffs deposition. In support of its argument, Eastern Athletic submitted a letter dated January 5, 2011, sent to the plaintiffs counsel, indicating that attached thereto was “the original transcript” of the plaintiff’s deposition. In the letter, Eastern Athletic asked that the plaintiff’s counsel have the plaintiff sign the enclosed deposition transcript before a notary public and return it to Eastern Athletic, at which time Eastern Athletic would provide the plaintiff with a conformed copy. Eastern Athletic advised the plaintiffs counsel that failure to execute the enclosed transcript within 60 days would result in the transcript being deemed executed pursuant to CPLR 3116 (a). Eastern Athletic asserted that, since the plaintiff had failed to return a copy of the signed transcript within 60 days after receipt of the same, the transcript could be used as though it were signed.
In the order appealed from dated August 17, 2011, the Supreme Court denied Eastern Athletic’s motion on two grounds. First, the court stated that Eastern Athletic failed to attach a copy of all the pleadings to the motion, as required by CPLR 3212 (b). In this regard, the court noted that, although Eastern Athletic had submitted a complaint and an “answer to amended verified complaint,” no amended complaint had been submitted on the motion. Second, the court concluded that the unsigned copy of the plaintiff’s deposition transcript that Eastern Athletic had submitted in support of the motion was not in admissible form. While the court noted that Eastern *50 Athletic had submitted a letter establishing that the plaintiffs deposition transcript had been sent to her in accordance with CPLR 3116 (a), the court determined that the transcript was not certified by the court reporter and, as such, it was not admissible in accordance with CPLR 3116 (b). The court stated that Eastern Athletic did not point to any other evidence to support its contentions, and observed that it was not for the court “to review voluminous transcripts to find portions therein that may support a summary judgment movant’s position.”
On appeal, Eastern Athletic argues that the Supreme Court erred in holding that it had failed to provide all of the pleadings in support of its motion for summary judgment, as there was no amended complaint. In this regard, Eastern Athletic asserts that the reference in its answer to an amended complaint was a mere error. Moreover, Eastern Athletic asserts that the court erred in, sua sponte, denying its motion on the ground that the plaintiff’s uncertified deposition transcript was inadmissible pursuant to CPLR 3116 (b). Eastern Athletic contends that because it had forwarded the plaintiff’s original deposition transcript to the plaintiffs counsel, and the plaintiff had failed to return it within 60 days, the lack of a certification was not a valid basis to decline to consider a deposition transcript. In addition, Eastern Athletic maintains that the Supreme Court should have granted its motion because the plaintiff voluntarily assumed the obvious risks of exercising while seated on an exercise ball. We reverse.
“[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). To make a prima facie showing, the motion must be supported “by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions” (CPLR 3212 [b]). Once a prima facie showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce “evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action” (Alvarez v Prospect Hosp., 68 NY2d at 324; see Verizon N.Y., Inc. v Garvin, 13 NY3d 851, 852 [2009]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
As an initial matter, the Supreme Court improperly concluded that Eastern Athletic’s motion papers were deficient *51 because of its purported failure to append all the pleadings to its motion, in violation of CPLR 3212 (b). The court reasoned that because Eastern Athletic’s submissions included an “Answer to Amended Verified Complaint,” and a complaint, but no amended complaint, Eastern Athletic had neglected to submit an amended complaint. However, Eastern Athletic explains that it denominated its answer as an “Answer to Amended Verified Complaint” only because the parties had previously executed a stipulation amending the caption. To the extent that Eastern Athletic erred in denominating its answer as an “Answer to Amended Verified Complaint,” the Supreme Court should have disregarded the misnomer, as no substantial right of a party was prejudiced thereby (see CPLR 2001).
Furthermore, the fact that the copy of the plaintiffs deposition transcript submitted by Eastern Athletic was unsigned did not render it inadmissible. In response to the plaintiff’s argument that her deposition transcript was inadmissible pursuant to CPLR 3116 (a) because it was unsigned and unverified, Eastern Athletic demonstrated that it provided a copy of the deposition transcript to the plaintiff for her review and signature, and that the plaintiff failed to sign it under oath within 60 days. As a result, the plaintiffs deposition transcript could be used as if fully signed (see CPLR 3116 [a]; David v Chong Sun Lee, 106 AD3d 1044, 1045 [2013]; Franzese v Tanger Factory Outlet Ctrs., Inc., 88 AD3d 763, 763-764 [2011]). The evidence demonstrating Eastern Athletic’s compliance with CPLR 3116 (a) was properly considered in reply because it was submitted in direct response to allegations raised for the first time in the plaintiffs opposition papers (see David v Chong Sun Lee, 106 AD3d at 1045; Conte v Frelen Assoc., LLC, 51 AD3d 620, 621 [2008]). Further, as the plaintiff raised no challenge to the accuracy of her deposition transcript, the lack of a signature did not render that deposition transcript inadmissible (see Carey v Five Bros., Inc., 106 AD3d 938, 940 [2013]; Femia v Graphic Arts Mut. Ins. Co., 100 AD3d 954 [2012]; Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921 [2012]; Boadu v City of New York, 95 AD3d 918, 918-919 [2012]; Zalot v Zieba, 81 AD3d 935, 936 [2011]; see also Rodriguez v Ryder Truck, Inc., 91 AD3d 935, 936 [2012]; Ashif v Won Ok Lee, 57 AD3d 700 [2008]).
Notwithstanding Eastern Athletic’s compliance with CPLR 3116 (a), the Supreme Court determined that the plaintiffs deposition transcript was inadmissible because it was uncertified, as required by CPLR 3116 (b). However, in opposition to Eastern *52 Athletic’s motion for summary judgment, the plaintiff argued only that her deposition transcript was inadmissible pursuant to CPLR 3116 (a) because it was unsigned and “unverified,” and made no reference to the certification requirement of CPLR 3116 (b).
The plaintiffs objection to the transcript as “unverified” cannot be viewed as an objection to its lack of certification. The term “verification” has a specific meaning within the CPLR, and is defined as a statement under oath that a pleading is true to the knowledge of the deponent (see CPLR 3020 et seq.; see also CPLR 105 [u]; 2309 [b] [providing for the form of oaths and affirmations]). By contrast, CPLR 3116 (b), among other things, provides that the officer before whom a deposition is taken “shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness.” Hence, a verification requires a deponent to swear to the truth of statements, whereas a certification requires the officer to state that the deponent was sworn by him or her and that the officer’s transcription of the witness’s testimony is accurate. A certification and a verification are not synonymous and, therefore, the plaintiffs assertion that her deposition transcript was unverified was not equivalent to a claim that her deposition transcript was uncertified. Accordingly, the Supreme Court’s determination that the plaintiffs deposition transcript was inadmissible because it was uncertified as required by CPLR 3116 (b) was made sua sponte, without affording Eastern Athletic any opportunity to correct the defect. This was error.
It is a fundamental precept that “[a] motion for summary judgment will not be granted if it depends on proof that would be inadmissible at the trial under some exclusionary rule of evidence” (David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212.Y8 at 27 [2005 ed]; see generally JP Morgan Chase Bank, NA. v RADS Group, Inc., 88 AD3d 766, 767 [2011] [reversing order granting plaintiffs motion for summary judgment on the complaint in light of the defendant’s argument, which had originally been made to the Supreme Court, that the plaintiff had not met its prima facie burden because the motion was predicated upon certain evidence that was not in admissible form]). A court, however, is generally limited to the issues or defenses that are the subject of the motion (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429 [1996]; Baron v Brown, 101 AD3d 915 [2012]; Quizhpe v *53 Luvin Constr., 70 AD3d 912, 914 [2010] [determining that the Supreme Court erred in essentially searching the record and awarding relief based upon arguments that were not raised]; Baseball Off. of Commr. v Marsh & McLennan, 295 AD2d 73, 82 [2002] [holding that a motion for summary judgment on one claim or defense does not provide a basis for searching the record and awarding summary judgment on an unrelated claim or defense]; Carrollwood Condominium Bd. of Mgrs. v Pulle, 291 AD2d 425, 426 [2002] [holding that the Supreme Court improperly searched the record and summarily directed dismissal of a particular cause of action, as those issues were not before the court in connection with the summary judgment motion]; cf. Tirado v Miller, 75 AD3d 153 [2010]).
Notably, in Tirado v Miller; we addressed the question of whether a court may decide a motion regarding a nondispositive discovery issue upon grounds other than those argued by the parties in their submissions (see Tirado v Miller, 75 AD3d 153 [2010]). In Tirado, the plaintiff commenced an action to recover damages for personal injuries against the defendant landowners following a trip-and-fall accident. The defendants were insured under a homeowner’s policy issued by a nonparty insurance company. The plaintiff served a subpoena duces tecum and ad testificandum upon the insurance company, seeking portions of the insurance company’s claim file and a deposition of a claim adjuster employed by the insurance company. In response, the defendants and the insurer moved to quash the subpoena and for a protective order as to the claim file and the requested deposition. In their motion, the defendants and the insurer argued that (1) the information sought by the plaintiff was privileged as attorney work product and as material prepared in anticipation of litigation, and (2) the information sought was not relevant or material to the issues of the litigation (see id. at 155-156). In the order appealed from, the Supreme Court granted the motion on the ground that post-note-of-issue discovery in the form of a nonparty deposition was not permitted. The plaintiff appealed, asserting that the Supreme Court was without authority to decide the motion upon a ground that was not raised in the parties’ submissions and upon which the plaintiff had no opportunity to be heard.
On appeal, this Court affirmed, holding that the Supreme Court providently exercised its discretion in granting the motion on a ground different from that which was argued by the parties to the motion. We held that a court may decide a nondis *54 positive discovery motion upon grounds other than those argued by the parties in their submissions where the court’s grant or denial of relief is confined to the specific family of relief sought in the motion. We found it significant that the notice of motion by the defendants and the insurer contained a general prayer for relief clause. In addition, we highlighted the “critical distinction between sua sponte relief not requested by any party, and sua sponte reasoning in granting or denying nondispositive discovery relief that has been requested by a party” (id. at 160).
The motion at issue in Tirado, which related to discovery, did not have “dispositive import” to that action (id.). By contrast, Eastern Athletic’s motion for summary judgment is dispositive in nature. Thus, Tirado is distinguishable from the instant case.
Here, the Supreme Court denied the subject motion for summary judgment on a ground that the parties did not litigate. The parties did not have an opportunity to address the issue relating to the certification of the plaintiffs deposition transcript, relied upon by the Supreme Court in denying that dispositive motion. The lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process. It is significant that, in Misicki v Caradonna (12 NY3d 511, 519 [2009]), the Court of Appeals cautioned the judiciary that “[w]e are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made.”
The Supreme Court erred in denying Eastern Athletic’s motion for summary judgment by deciding that the plaintiffs deposition transcript was uncertified and, therefore, inadmissible, where that ground of admissibility was not raised by the plaintiff herself.* Notably, the plaintiffs deposition transcript recites that the plaintiff was duly sworn. Moreover, in civil cases, *55 “inadmissible hearsay admitted without objection may be considered and given such probative value as, under the circumstances, it may possess” (Jerome Prince, Richardson on Evidence § 8-108 at 505 [Farrell 11th ed 2008], citing Matter of Findlay, 253 NY 1, 11 [1930]; Ford v Snook, 205 App Div 194, 198 [1923], affd 240 NY 624 [1925]; Matter of Condon, 124 Misc 845, 846 [Sur Ct, Kings County 1925]).
Had the plaintiff argued in opposition to Eastern Athletic’s motion that her deposition transcript was inadmissible because it was uncertified, Eastern Athletic could have submitted a certification in its reply papers and, if the plaintiff were not prejudiced, the Supreme Court may have considered it (see CPLR 2001; Rodriguez v Ryder Truck, Inc., 91 AD3d at 936; Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008 [2008]). Eastern Athletic’s failure to submit to the Supreme Court a certified copy of the plaintiffs deposition was an irregularity and, as no substantial right of a party was prejudiced, the court should have ignored the defect (see CPLR 2001).
While this Court has previously determined that a deposition transcript submitted on a motion for summary judgment was inadmissible pursuant to CPLR 3116 (b), the deposition transcripts in those cases suffered from additional infirmities (see Marks v Robb, 90 AD3d 863, 864 [2011] [unsigned and uncertified deposition transcripts, which were not forwarded to the deponents for review, were not in admissible form]; Cox v Jeffers, 222 AD2d 395 [1995] [following audiotaped and steno-graphically recorded depositions, the plaintiff procured a transcription of the audiotape which was certified by a notary public who was not present at the depositions; that branch of the defendants’ motion which was to suppress the plaintiff’s transcription was granted]).
Thus, the Supreme Court erred when it, sua sponte, determined that the plaintiffs deposition transcript was inadmissible because of the lack of a certification and, as a result, concluded that Eastern Athletic had failed to meet its prima facie burden. This is not to say, however, that a court may never examine the admissibility of the proof submitted on a motion for summary judgment. If the court does so, and determines that a key piece of evidence is apparently inadmissible, rather than deny the motion outright, in the interest of fairness and judicial economy, the court should alert the parties to the apparent defect, and give the movant an opportunity to correct it. While this is generally the better course, since, here, the plaintiffs uncertified *56 deposition transcript amounts to an irregularity, the Supreme Court should have disregarded the defect and resolved the motion on the merits.
In the interest of judicial economy, we deem it appropriate, under the circumstances of this case, to address Eastern Athletic’s motion on the merits, rather than remitting the matter to the Supreme Court to do so (see Nisimova v Starbucks Corp., 108 AD3d 513, 514 [2013]).
Eastern Athletic established, prima facie, its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it based upon the doctrine of primary assumption of risk. The assumption of risk doctrine applies as a bar to liability where a consenting participant in sporting or recreational activities “is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks” (Morgan v State of New York, 90 NY2d 471, 484 [1997]). “If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty” (Turcotte v Fell, 68 NY2d 432, 439 [1986]). However, the doctrine of primary assumption of risk will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased (see Alqurashi v Party of Four, Inc., 89 AD3d 1047, 1047-1048 [2011]; Demelio v Playmakers, Inc., 63 AD3d 777 [2009]).
Here, the plaintiff, who voluntarily sat on an exercise ball during a body sculpting class, assumed the inherent risk that the ball could roll or rotate and cause her to fall (see generally Berry v Bally Total Fitness Corp., 272 AD2d 354 [2000] [granting defendant fitness center’s motion for summary judgment where the plaintiff, who was participating in a step-aerobics class, collided with another participant in the class]). The plaintiff testified at her deposition that she was responsible for her own safety in the class, which included deciding for herself what types of activities she could safely perform within her own abilities. In addition, the plaintiff testified that when Douglin gave her the ball, she did not express to him a lack of experience with it, and did not tell him that she did not want to utilize it.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff did not, for example, allege that Eastern Athletic violated any established safety protocol or subjected her to any risks that were not inherent in sitting on an exercise ball.
*57 The plaintiffs reliance upon Calouri v County of Suffolk (43 AD3d 456 [2007]) is misplaced. Calouri involved a college instructor who directed the student plaintiff in the completion of a community college physical education course on “backpacking” and “the plaintiff was a neophyte with regard to the activity she was directed to perform” {id. at 457). Under those circumstances, where “the gym instructor was the plaintiffs superior whose directions she was obliged to follow,” we held that “the doctrine of assumption of risk should not be applied with the same force as in the case of an experienced athlete” {id. at 458, 457). Here, by contrast, the plaintiff was involved in a recreational fitness class and she admittedly was not required to use the exercise ball. Moreover, we reject the plaintiffs contention that the doctrine of primary assumption of risk should not apply because she had never previously used an exercise ball (see Marcano v City of New York, 99 NY2d 548 [2002], revg 296 AD2d 43 [2002]).
The plaintiffs remaining contentions are without merit.
Accordingly, the order is reversed, on the law, and the motion of the defendant St. George Health and Racquetball Associates, LLC, doing business as Eastern Athletic Club, for summary judgment dismissing the complaint insofar as asserted against it is granted.
Eng, EJ., Dillon and Miller, JJ., concur.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant St. George Health and Racquetball Associates, LLC, doing business as Eastern Athletic Club, for summary judgment dismissing the complaint insofar as asserted against it is granted.

 Notably, CPLR 3116 (e) provides that “[e]rrors and irregularities” by a person transcribing a deposition are “waived” unless a motion to suppress the deposition is made “with reasonable promptness after such defect is, or with due diligence might have been, ascertained.” CPLR 3116 (e) relates to, among other things, “errors and irregularities occurring during the course of the stenographer’s typing of the transcript or the officer’s certification of it” (Patrick M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3116:6 at 166 [2005] [emphasis added]; Risley v Harlow, 48 Misc 277 [1905] [citing section 902 of the Code of Civil Procedure, which required depositions to be certified, and holding that a motion to suppress an uncertified deposition transcript should have been denied and that the plaintiff should be given an opportunity to obtain certification]).