◼ RONALD SAURAY, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. [690 NYS2d 716] —In an action to recover damages for personal injuries, the defendant appeals,

as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated March 5, 1998, as granted its motion, made at the conclusion of the liability phase of a bifurcated trial, for judgment as a matter of law only to the extent of setting aside the jury verdict in favor of the plaintiff and against it and ordering a new trial on the issue of liability, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as set aside the jury verdict in his favor and Ordered a new trial.

Ordered that on the Court's own motion, the defendant's notice of appeal and the plaintiff's notice of cross appeal are treated as applications for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On the evening of July 14, 1991, the 18-year-old plaintiff and four companions were riding mountain bikes in Prospect Park. As it began to get dark, the group traveled to the east side of the park. The group then left the illuminated, official bicycle path, and rode onto an unlit partially-paved trail through the woods. While traveling through the woods, the group took a downhill path which was off-limits to bicycles and motor vehicles. At the bottom of the hill, three of the plaintiff's companions rode into a low-lying chain or wire which had been suspended across the trail to prevent access to an area in the park where organic recycling is conducted. The plaintiff, who was riding behind his companions, was struck in the face by the chain or wire, and fell from his bicycle. It is undisputed that the plaintiff's bicycle was not equipped with a light and that he was not wearing a helmet.

The plaintiff subsequently commenced this action against the City of New York, alleging that the City had created a dangerous condition by using a chain or wire barricade to close off the trail where the accident occurred, despite its knowledge that such trails were commonly used by bicyclists. After the liability phase of the trial, the jury returned a verdict finding the defendant 100% at fault in the happening of the accident. The defendant then moved to set aside the verdict and for judgment in its favor as a matter of law pursuant to CPLR 4404 (a). The trial court granted the defendant's motion to the extent of setting aside the verdict on the ground that it was against the weight of the evidence and ordering a new trial.

Preliminarily, we note that since the trial court's order did not determine a motion made on notice, it is not appealable as of right (see, CPLR 5701 [c]; Rassaei v Kessler, 252 AD2d 577;

*Radford v Sheridan Prods.,* 181 AD2d 667). However, under the circumstances of this case, we find it appropriate to deem the defendant's notice of appeal and the plaintiff's notice of cross appeal to be applications for leave to appeal, and we grant those applications in the interest of justice.

Turning to the merits, the defendant contends that the trial court should have granted its motion for judgment as a matter of law and dismissed the complaint because it owed no duty to protect the plaintiff from the inherent risks of mountain biking in a wooded area. We disagree. The doctrine of assumption of risk generally applies where the plaintiff is injured while voluntarily participating in a sport or recreational activity, and the injury-causing event is a known, apparent, or reasonably-foreseeable consequence of the participation (*see, Turcotte v Fell,* 68 NY2d 432, 439). By engaging in a sport or recreational activity, the participant "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York,* 90 NY2d 471, 484). Contrary to the defendant's contention, we cannot say, as a matter of law, that encountering a chain or wire suspended across a trail in a park is a reasonably foreseeable or inherent danger associated with mountain biking. Accordingly, the plaintiff's decision to ride his bicycle on the trail through the woods " 'is simply a factor relevant in the assessment of culpable conduct' " (*Weller v Colleges of the Senecas,* 217 AD2d 280, 284; *cf., Calise v City of New York,* 239 AD2d 378).

However, the trial court properly concluded that the verdict, which entirely absolved the plaintiff of fault for his injuries, was against the weight of the evidence. No fair interpretation of the evidence supports a finding that the plaintiff, who elected to ride his bicycle, which was not equipped with a light, along an unlit trail after sunset, was free from negligence (*Cohen v Hallmark Cards,* 45 NY2d 493, 498-499; *Nicastro v Park,* 113 AD2d 129, 133). Bracken, J. P., Santucci, Krausman and Feuerstein, JJ., concur.