■ ANTONIO SANPERI, Appellant, v MIKE JUNSCH et al., Respondents. [711 NYS2d 32] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated February 26, 1999, which granted the defendants' motion pursuant to CPLR 4404 (a) to set aside a jury verdict finding them 60% at fault and the plaintiff 40% at fault in the happening of the accident, and directed that judgment be entered in favor of the defendants and against them as a matter of law.

Ordered that the order is affirmed, with costs.

The plaintiff, a martial arts student who had earned a green belt with three purple tips, commenced this personal injury action against the defendants after he was kicked in the groin and injured during a sparring contest. The plaintiff was not wearing a protective cup or any other protective equipment.

The trial court properly concluded that the verdict should be

set aside. "The doctrine of assumption of the risk * * * applies where the plaintiff is injured while voluntarily participating in a sport or recreational activity, and the injury-causing event is a known, apparent, or reasonably-foreseeable consequence of the participation" (*Sauray v City of New York,* 261 AD2d 601, 603; *Turcotte v Fell,* 68 NY2d 432, 439). By engaging in a sport or recreational activity, a participant consents to those commonly-appreciated risks which are inherent in the nature of the sport and flow from such participation (*see, Morgan v State of New York,* 90 NY2d 471, 484; *Sauray v City of New York, supra*). Here, the plaintiff assumed the risk of injury as a result of a poorly-aimed kick if he failed to wear protective equipment. O'Brien, J. P., Thompson, S. Miller and H. Miller, JJ., concur.