■ DANIEL FITHIAN et al., Respondents, v SAG HARBOR UNION FREE SCHOOL DISTRICT, Appellant, et al., Defendant. [864 NYS2d 456]—

In an action to recover damages for personal injuries, etc., the defendant Sag Harbor Union Free School District appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated October 16, 2007, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Daniel Fithian (hereinafter the plaintiff), a 17-year-old high school student, was struck in the head by a pitched ball during an interscholastic baseball game. The plaintiffs alleged that the defendant Sag Harbor Union Free School District (hereinafter defendant) was negligent in providing and allowing the use of a cracked batter's helmet of which it had notice.

The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, maintaining that the plaintiff's injury was a result of a known risk inherent in the participation in a baseball game. Accordingly, the defendant argued that the plaintiff had assumed the risk of this injury as a matter of law.

The doctrine of primary assumption of risk provides that a voluntary participant in a sporting event assumes the known risks normally associated with that sport (*see Morgan v State of New York,* 90 NY2d 471, 484 [1997]; *Joseph v New York Racing Assn.,* 28 AD3d 105, 108 [2006]). However, participants will not be deemed to have assumed the risks of reckless or intentional conduct or concealed or unreasonably increased risks (*see Morgan v State of New York,* 90 NY2d at 485).

The defendant correctly contends that being struck in the head by a baseball is a known risk inherent in the sport of baseball and thus established, prima facie, its entitlement to judgment as a matter of law (*see Sanchez v City of New York,* 25 AD3d 776 [2006]; *Cuesta v Immaculate Conception R.C. Church,* 168 AD2d 411 [1990]). However, the plaintiff's deposition testimony, along with affidavits of his teammates, raised a triable issue of fact as to whether the alleged cracked batter's helmet unreasonably increased the risk of injury (*see Muniz v Warwick School Dist.,* 293 AD2d 724 [2002]; *Hubbard v East Meadow Union Free School Dist.,* 277 AD2d 353 [2000]; *Baker v Briarcliff School Dist.,* 205 AD2d 652 [1994]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it, in that it cannot be said that, as a matter of law, the plaintiff assumed the risk of the injury he sustained (*see Henig v Hofstra Univ.,* 160 AD2d 761, 762 [1990]). Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.