JOHN DEMELIO, Respondent, v PLAYMAKERS, INC., et al., Defendants, and BROOKLYN INDOOR SPORTS CENTER, INC., Appellant. [880 NYS2d 710]—

In an action to recover damages for personal injuries, the defendant Brooklyn Indoor Sports Center, Inc., appeals from an

order of the Supreme Court, Kings County (Battaglia, J.), dated April 8, 2008, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was practicing his swing at an indoor batting cage operated by the defendant Brooklyn Indoor Sports Center, Inc. (hereinafter the appellant), when a ball that he struck ricocheted off a metal pole separating the cages and struck his left eye. Among other specifications of negligence, the plaintiff alleged that the appellant unreasonably created an enhanced risk of injury to batters by failing to pad the metal pole. The appellant moved for summary judgment dismissing the complaint insofar as asserted against it, on the ground that the plaintiff's cause of action was barred by the doctrine of primary assumption of risk. The Supreme Court denied the motion and we affirm.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Anand v Kapoor*, 61 AD3d 787 [2009]). In support of its motion, the appellant failed to make a prima facie showing that the allegedly increased risk of ricocheting baseballs presented by an unpadded metal pole in an enclosed batting cage was "an inherent risk of [the] sport as a matter of law for summary judgment purposes" (*Siegel v City of New York*, 90 NY2d 471, 488 [1997]).

Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. Florio, J.P., Miller, Covello and Austin, JJ., concur.