■ HAE SENG KIM et al., Appellants, v FLUSHING YMCA et al., Respondents. [883 NYS2d 286]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Grays, J.), dated June 20, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The plaintiff Hae Seng Kim (hereinafter the plaintiff) was

injured when she was struck in the head by a basketball as she walked along the side of a basketball court in the defendants' facility. At the time of the occurrence, the plaintiff was en route from the locker room to the facility's fitness center, where she intended to take a dance class. It is undisputed that the only way for the plaintiff to get to the fitness center was to walk in close proximity to the basketball court.

After the plaintiffs commenced this action to recover damages for personal injuries, the defendants moved for summary judgment dismissing the complaint on the ground that the action was barred by the doctrine of primary assumption of risk. The Supreme Court granted the motion. We reverse.

The doctrine of primary assumption of risk provides that a voluntary participant in a sporting event assumes the known risks normally associated with that sport (see Morgan v State of New York, 90 NY2d 471, 484 [1997]; Fithian v Sag Harbor Union Free School Dist., 54 AD3d 719, 720 [2008]). Participants will not, however, be deemed to have assumed the risks of reckless or intentional conduct or concealed or unreasonably increased risks (see Morgan v State of New York, 90 NY2d at 485). In this case, the evidence submitted by the defendants in support of their motion demonstrated that the plaintiff was neither a voluntary participant nor a spectator of a sporting event at the time of the occurrence (see Hawkes v Catatonk Golf Club, 288 AD2d 528 [2001]). Therefore, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law on the theory of primary assumption of risk (see Morgan v State of New York, 90 NY2d 471 [1997]). Under these circumstances, it is unnecessary to consider the sufficiency of the plaintiffs' opposition papers (see Tchjevskaia v Chase, 15 AD3d 389 [2005]). Accordingly, the Supreme Court should have denied the defendants' motion.

The foregoing determination renders academic the plaintiffs' remaining claim. Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.