LISA MISKANIC et al., Respondents, v ROLLER JAM USA, INC., Appellant. [898 NYS2d 180]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated July 8, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff alleges that on February 18, 2008, she sustained injuries as a result of a slip and fall on a declining ramp at a roller skating rink owned by the defendant. The ramp was used as a mode of ingress or egress between the roller skating area and an adjacent staging area. The defendant moved for summary judgment dismissing the complaint, asserting that the ramp was not defective; that, even if a defect existed, it neither created nor had actual or constructive notice of the defective condition; and that the injured plaintiff assumed the risk of any such injury.

Whether a dangerous condition exists on real property so as to create liability on the part of the landowner depends on the particular circumstances of each case and is generally a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). Considering the papers submitted by

the defendant in support of its motion for summary judgment, including certain deposition testimony, the defendant failed to establish, prima facie, that the ramp was not defective, or that, if the alleged defect existed, it did not create or have actual or constructive notice thereof (*see Betz v Daniel Conti, Inc.*, 69 AD3d 545 [2010]).

The doctrine of primary assumption of risk precludes a voluntary participant in certain sporting events or recreational activities from recovering for those injuries that may foreseeably result from the realization of a risk inherent in the activity itself (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Cotty v Town of Southampton*, 64 AD3d 251, 253-254 [2009]). The doctrine of primary assumption of the risk, however, will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased (*see Morgan v State of New York*, 90 NY2d at 484; *Ribaudo v La Salle Inst.*, 45 AD3d 556, 557 [2007]). Here, the defendant established, prima facie, that the action was barred by the doctrine of primary assumption of risk. However, in opposition, the plaintiffs raised a triable issue of fact as to whether the risk was concealed or unreasonably increased so that the doctrine of primary assumption of risk would not apply (*see Morgan v State of New York*, 90 NY2d at 484).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.