■ RAMI ALQURASHI, Respondent, v PARTY OF FOUR, INC., Doing Business as SUNRISE FITNESS CENTER, Appellant. [934 NYS2d 214]—

The plaintiff allegedly sustained personal injuries while he was exercising at the defendant's gym with what he described as a set of 140-pound dumbbells, consisting of seven 10-pound metal plates on each side of a metal bar. The doctrine of primary assumption of risk provides that a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). However, the doctrine will not serve as a bar to liability if the

risk is unassumed, concealed, or unreasonably increased (*see Demelio v Playmakers, Inc.*, 63 AD3d 777 [2009]; *Fithian v Sag Harbor Union Free School Dist.*, 54 AD3d 719 [2008]; *Sauray v City of New York*, 261 AD2d 601 [1999]).

Here, the defendant failed to establish, prima facie, that the plaintiff assumed the risk of the injury herein. Contrary to the defendant's contention, the evidence did not establish that the plaintiff simply lost his grip and dropped the 140-pound dumbbell from his right hand onto his toes. According to the plaintiff's deposition testimony, he picked up a set of 140-pound dumbbells from the bottom rack where they were stored, and as he attempted to lift the dumbbell in his right hand, two of the metal plates came loose from the metal bar and fell on him. As a result, he lost his balance and dropped the dumbbell.

In addition, the defendant's president testified that all of the dumbbells were secured with a bolt which was about 1½ to 2 inches deep, and that to adjust the weight on the dumbbells, one had to use a so-called Allen key to screw and unscrew the bolt. Significantly, the president further testified that he was the only person who adjusted weights on the dumbbells, that gym employees had the responsibility to re-rack and inspect the dumbbells to insure that the screws were tight, and that members were not allowed to remove or add weights to the dumbbells. Given the president's statements regarding the defendant's control over the instrumentality which caused the injury, and viewing all of the evidence in a light most favorable to the plaintiff, as we must (*see Guerra v Cantos*, 38 AD3d 714 [2007]), it cannot be said as a matter of law that the plaintiff assumed the risk of the injury which occurred by voluntarily engaging in the activity of weightlifting (*see Demelio v Playmakers, Inc.*, 63 AD3d 777 [2009]; *Fithian v Sag Harbor Union Free School Dist.*, 54 AD3d 719 [2008]; *Sauray v City of New York*, 261 AD2d 601 [1999]; *cf. Lee v Maloney*, 270 AD2d 689 [2000]).

The defendant's remaining contention is without merit.

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly denied (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.