▆ JOANN VIOLA, Individually and as Mother and Natural Guardian of ASHLEY VIOLA, an Infant, Respondent, v CARMEL CENTRAL SCHOOL DISTRICT et al., Appellants. [945 NYS2d 155]—

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Putnam County (Lubell, J.), dated August 3, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Ashley Viola (hereinafter Ashley), a tenth grader on the girls' junior varsity softball team for the defendant Carmel High School (hereinafter the high school), allegedly sustained personal injuries when she slid into second base during a game held on a field behind the high school. The stationary base was anchored into the ground. The base had been installed by the grounds crew of the defendant Carmel Central School District (hereinafter the school district).

Ashley's mother, suing individually and on Ashley's behalf, commenced this action against the high school and the school

district to recover damages for, inter alia, Ashley's personal injuries. The plaintiff alleged that the defendants were negligent in their installation of the second base, i.e., it was improperly positioned in that one of its points, rather than a flush side, faced first base. Ashley allegedly was injured when her left foot hit the point of the base and stopped abruptly.

The defendants moved for summary judgment, and the Supreme Court denied the motion. The defendants appeal. We affirm.

"The doctrine of primary assumption of risk provides that a voluntary participant in a sporting or recreational activity 'consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation' " (*Alqurashi v Party of Four, Inc.,* 89 AD3d 1047, 1047 [2011], quoting *Morgan v State of New York,* 90 NY2d 471, 484 [1997]). The doctrine does not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased (*see Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 654 [1989]; *Alqurashi v Party of Four, Inc.,* 89 AD3d at 1047-1048; *Demelio v Playmakers, Inc.,* 63 AD3d 777, 778 [2009]; *Ross v New York Quarterly Mtg. of Religious Socy. of Friends,* 32 AD3d 251, 252 [2006]). The assumption of risk doctrine "encompasses risks associated with the construction of the playing surface" (*Morlock v Town of N. Hempstead,* 12 AD3d 652, 652 [2004]), " 'and any open and obvious condition on it' " (*Casey v Garden City Park-New Hyde Park School Dist.,* 40 AD3d 901, 902 [2007], quoting *Welch v Board of Educ. of City of N.Y.,* 272 AD2d 469, 469 [2000]).

The defendants failed to establish, prima facie, that Ashley assumed the risk of her injury. Although generally, a softball or baseball player assumes the risk of injury from sliding into a base (*see Martinelli v Town of E. Fishkill,* 300 AD2d 551, 551 [2002]; *Totino v Nassau County Council of Boy Scouts of Am.,* 213 AD2d 710, 711 [1995]; *Castello v County of Nassau,* 223 AD2d 571, 572 [1996]; *Gonzalez v City of New York,* 203 AD2d 421, 421-422 [1994]; *Strauss v Town of Oyster Bay,* 201 AD2d 553, 554 [1994]), here, the defendants failed to demonstrate that the base was properly positioned, that Ashley was aware of the allegedly improper positioning, or that it was an open and obvious condition. Moreover, the defendants failed to establish that the allegedly improperly positioned base did not unreasonably increase the risk of injury as, among other things, the defendants' employees testified that an improperly positioned base would be a hazard for sliding runners and that a game should be stopped to correct such a condition.

In view of the defendants' failure to sustain their prima facie burden, the sufficiency of the plaintiff's opposing papers need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.