In an action to recover damages for personal injuries, etc., the defendant Baldwin Union Free School District appeals, and the defendant Lawrence Public Schools separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated January 17, 2012, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
The injured plaintiff, then a 13-year-old student at Lawrence Middle School, in the defendant Lawrence Union Free School District, sued herein as Lawrence Public Schools, was a member of his school’s wrestling team. He allegedly was injured while participating in a wrestling match during a meet held at Baldwin Middle School, in the defendant Baldwin Union Free School District. The injured plaintiff, who had never wrestled before joining his school’s team, had participated in eight wrestling matches as of the date of the subject wrestling match.
The injured plaintiff and his mother, suing derivatively, com *929 menced this action against the two school districts, alleging that the injured plaintiff sustained personal injuries when two wrestling mats, which had been taped together for use during the meet, one of which was considerably older than the other, came apart during the match in which he was participating. The injured plaintiff testified at his deposition that, after his opponent placed him in a headlock, his opponent tripped on the mats which had separated and the injured plaintiffs right arm struck the then-exposed hardwood floor. In the complaint, the plaintiffs alleged, inter alia, that the mats had been improperly taped and secured.
The defendants separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, arguing that the infant plaintiff had assumed the risk of injury. The Supreme Court denied the motions, and the defendants separately appeal.
“Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity, ‘ “consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation” ’ ” (Weinberger v Solomon Schechter Sch. of Westchester, 102 AD3d 675, 677 [2013], quoting Alqurashi v Party of Four, Inc., 89 AD3d 1047, 1047 [2011], quoting Morgan v State of New York, 90 NY2d 471, 484 [1997]; see Trupia v Lake George Cent. School Dist., 14 NY3d 392, 395 [2010]; Turcotte v Fell, 68 NY2d 432, 438 [1986]; Viola v Carmel Cent. School Dist., 95 AD3d 1206, 1207 [2012]). “The principle of primary assumption of risk extends to those risks associated with the construction of a playing field and any open and obvious condition thereon” (Castro v City of New York, 94 AD3d 1032, 1032 [2012]; see Viola v Carmel Cent. School Dist., 95 AD3d at 1207). “If the playing surface is as safe as it appears to be, and the condition in question is not concealed such that it unreasonably increases risk assumed by the players, the doctrine applies” (Cotty v Town of Southampton, 64 AD3d 251, 254 [2009]; see Bocelli v County of Nassau, 93 AD3d 747, 748 [2012]; Palladino v Lindenhurst Union Free School Dist., 84 AD3d 1194, 1195 [2011]; Rosenbaum v Bayis Ne’Emon, Inc., 32 AD3d 534 [2006]). However, “a board of education, its employees, agents and organized athletic councils must exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or unreasonably increased risks” (Benitez v New York City Bd. of Educ., 73 NY2d 650, 658 [1989]; see Schmidt v Massapequa High School, 83 AD3d 1039, 1039 [2011]).
*930 Here, the defendants failed to establish, prima facie, that the injured plaintiff, by participating in the wrestling match, assumed the risk of being injured in the manner in which he allegedly was injured here. The defendants’ moving papers failed to demonstrate, prima facie, that the allegedly dangerous condition caused by the improperly taped or secured mats did not unreasonably increase the risk of injury inherent in the sport of wrestling (see Blumstein v Half Hollow Hills Cent. School Dist., 96 AD3d 702, 703 [2012]; Cotty v Town of Southampton, 64 AD3d at 254; Laboy v Wallkill Cent. School Dist., 201 AD2d 780, 781 [1994]).
Since the defendants did not establish their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiffs’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Accordingly, the Supreme Court properly denied the defendants’ respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.
Skelos, J.E, Leventhal, Austin and Sgroi, JJ., concur.