◼ CHLOE GEORGIADES, an Infant, by Her Natural Guardian and Mother, SABRINA GEORGIADES, et al., Appellants, v NASSAU EQUESTRIAN CENTER AT OLD MILL, INC., et al., Respondents. [22 NYS3d 467]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Janowitz, J.), dated January 7, 2014, as, upon an order of the same court dated October 29, 2013, granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Nassau Equestrian Center at Old Mill, Inc., is in favor of the defendant Nassau Equestrian Center at Old Mill, Inc., and against them, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' mo-

tion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Nassau Equestrian Center at Old Mill, Inc., is denied, the complaint is reinstated insofar as asserted against that defendant, and the order dated October 29, 2013, is modified accordingly.

The infant plaintiff (hereinafter Chloe) allegedly was injured while taking horseback riding lessons at a horse farm owned and operated by the defendant Nassau Equestrian Center at Old Mill, Inc. (hereinafter NEC). At the direction of her instructor, Chloe attempted to perform a maneuver with her feet out of the stirrups. According to Chloe's deposition testimony, she felt uncomfortable performing the maneuver and told the instructor that she was not able to do so, but the instructor insisted. In attempting to complete the maneuver, Chloe fell off of the horse, sustaining injuries. Chloe and her mother commenced this action against NEC and the defendant County of Nassau, alleging negligence. The defendants moved for summary judgment dismissing the complaint, inter alia, on the ground that the risk of falling off a horse while horseback riding was a common and inherent risk of the activity and that Chloe, who was an experienced rider, was aware of and assumed such risk. The plaintiffs opposed summary judgment in favor of NEC, inter alia, on the ground that the doctrine of primary assumption of risk did not bar NEC's liability, since the instructor's conduct unreasonably increased the risk that Chloe would fall.

Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity " 'consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation' " (*Alqurashi v Party of Four, Inc.*, 89 AD3d 1047, 1047 [2011], quoting *Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Custodi v Town of Amherst*, 20 NY3d 83 [2012]; *Bukowski v Clarkson Univ.*, 19 NY3d 353, 356 [2012]; *Hae Seng Kim v Flushing YMCA*, 64 AD3d 679 [2009]). The doctrine operates to limit the scope of the defendant's duty, and "it has been described [as] a 'principle of no duty' rather than an absolute defense based upon a plaintiff's culpable conduct" (*Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010], quoting *Morgan v State of New York*, 90 NY2d at 485; *see Turcotte v Fell*, 68 NY2d 432, 438-439 [1986]; *Anand v Kapoor*, 61 AD3d 787, 790 [2009], *affd* 15 NY3d 946 [2010]). "If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (*Turcotte v Fell*,

68 NY2d at 439). "The risks of falling from a horse or a horse acting in an unintended manner are inherent in the sport of horseback riding" (*Fenty v Seven Meadows Farms, Inc.* 108 AD3d 588, 588 [2013]). .

The primary assumption of risk doctrine does not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased (*see Custodi v Town of Amherst*, 20 NY3d 83 [2012]; *Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 654 [1989]; *Weinberger v Solomon Schechter Sch. of Westchester*, 102 AD3d 675 [2013]). "[A]wareness of risk is not to be determined in a vacuum. It is, rather, to be assessed against the background of the skill and experience of the particular plaintiff" (*Morgan v State of New York*, 90 NY2d at 486, quoting *Maddox v City of New York*, 66 NY2d 270, 278 [1985]; *see Toro v New York Racing Assn., Inc.*, 95 AD3d 999, 1000 [2012]; *Calouri v County of Suffolk*, 43 AD3d 456 [2007]). Furthermore, "in assessing whether a defendant has violated a duty of care within the genre of tort-sports activities and their inherent risks, the applicable standard should include whether the conditions caused by the defendants' negligence are 'unique and created a dangerous condition over and above the usual dangers that are inherent in the sport' " (*Morgan v State of New York*, 90 NY2d at 485, quoting *Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970 [1992]; *see Gross v Sweet*, 49 NY2d 102 [1979]).

Here, the defendants failed to establish NEC's prima facie entitlement to judgment as a matter of law. The defendants failed to establish, prima facie, that the conduct of NEC's employee did not unreasonably increase Chloe's exposure to the risk of falling. The deposition testimony proffered by the defendants in support of their motion failed to eliminate all triable issues of fact as to whether Chloe's skill and experience, as well as her comfort level, increased the danger of the maneuver that she was asked to perform. Evidence was presented that Chloe was struggling to control the horse and to execute the maneuver. Evidence was also presented which demonstrated the existence of a triable issue of fact as to whether, immediately before the accident, Chloe advised the instructor that she felt uncomfortable and was unable to perform the maneuver, and as to whether her instructor nevertheless insisted that she do so.

Since the defendants failed to establish NEC's prima facie entitlement to judgment as a matter of law, that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against NEC should have been

denied, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of the foregoing determination, the plaintiffs' remaining contentions have been rendered academic. Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.