**8** ROBERT SIMONE, Individually and as Father and Natural Guardian of MICHAEL SIMONE, an Infant, Appellant, v PETER DOSCAS et al., Respondents. [35 NYS3d 720]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Putnam County (Lubell, J.), dated August 21, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

Michael Simone (hereinafter Michael) allegedly was injured when, while playing basketball at the defendants' property, he jumped to block a shot and landed on a flowerpot that was placed on the ground in a grassy area behind the pole supporting the basketball net. The plaintiff, Robert Simone, who is Michael's father, on behalf of Michael and individually, thereafter commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals, and we reverse.

"Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity 'consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation'" (*Brown v Roosevelt Union Free Sch. Dist.*, 130 AD3d 852, 853 [2015], quoting *Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Philippou v Baldwin Union Free Sch. Dist.*, 105 AD3d 928, 929 [2013]; *Weinberger v Solomon Schechter Sch. of Westchester*, 102 AD3d 675, 677 [2013]). "This includes risks associated with the construction of the playing surface and any open and obvious condition on it" (*Brown v Roosevelt Union Free Sch. Dist.*, 130 AD3d at 853-854; *see Ziegelmeyer v United States Olympic Comm.*, 7 NY3d 893 [2006]; *Sykes v County of Erie*, 94 NY2d 912 [2000]; *Maddox v City of New York*, 66 NY2d 270 [1985]). "Participants are not deemed to have assumed the risks of reckless or intentional conduct, or concealed or unreasonably increased risks" (*Brown v Roosevelt Union Free Sch. Dist.*, 130 AD3d at 854; *see Morgan v State of New York*, 90 NY2d at 485).

In this case, the defendants failed to establish, prima facie, that the doctrine of primary assumption of the risk barred the plaintiff's recovery. The evidence submitted by the defendants,

including testimony as to the size and placement of the flowerpot in close proximity to the paved court, failed to eliminate a triable issue as to whether its placement unreasonably increased the inherent risks of the activity (*see Brown v Roosevelt Union Free Sch. Dist.*, 130 AD3d 852, 854 [2015]; *Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven, Suffolk County, N.Y.*, 123 AD3d 960 [2014]). Moreover, contrary to their contention, the defendants failed to establish, prima facie, that they did not create or have actual or constructive notice of the alleged condition (*see Miskanic v Roller Jam USA, Inc.*, 71 AD3d 1102, 1102-1103 [2010]).

In light of the defendants' failure to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, regardless of the sufficiency of plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.