BENAL SERIN, Appellant, v SOULCYCLE HOLDINGS, LLC, Sued Herein as SOULCYCLE, LLC, Respondent. [41 NYS3d 714]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 13, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Although defendant made a prima facie showing that the spin cycle on which plaintiff was injured was not defective and that defendant had not created or had notice of any such defect, issues of fact exist as to whether defendants were negligent in failing to properly instruct plaintiff, a first-time spin cycler, in the operation of the cycle and of the nature of the risks involved (*see Scheck v Soul Cycle E. 83rd St., LLC*, 2012 NY Slip Op 32021[U] [Sup Ct, NY County 2012, Gische, J.]). For these same reasons, issues of fact also exist as to plaintiff's assumption of concealed or unreasonably increased risks (*see Morgan v State of New York*, 90 NY2d 471, 485 [1997]; *Valverde v Great Expectations, LLC*, 131 AD3d 425 [1st Dept 2015]). We find plaintiff's claim is not barred by the release (General Obligations Law § 5-326). Concur—Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.