■ Andrew Deserto, Jr., Respondent, v Goshen Central School District et al., Appellants. [57 NYS3d 423]—

Appeal from an amended order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated April 27, 2015. The amended order denied the defendants' separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and denied the defend-

ants' separate motions to strike the plaintiff's expert witness disclosure and to preclude the plaintiff's expert from testifying at trial.

Ordered that the amended order is affirmed, with costs.

In September 2010, the plaintiff, then a high school student in the defendant Goshen Central School District (hereinafter Goshen), allegedly was injured while playing in a varsity football game at Franklin D. Roosevelt High School, which is located in the defendant Hyde Park Central School District (hereinafter Hyde Park). The plaintiff allegedly was tackled by two players from the opposing team and forced out of bounds, causing him to hit his head on a steel plate covering a pole vault pit several feet from the football field sideline.

The plaintiff commenced this action to recover damages for personal injuries against Goshen and Hyde Park. The defendants separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing that the action was barred by the doctrine of primary assumption of the risk. They also separately moved, inter alia, to preclude the plaintiff's expert from testifying at trial. In an amended order dated April 27, 2015, the Supreme Court denied the defendants' motions. We affirm.

"Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity 'consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation' " (*Brown v Roosevelt Union Free Sch. Dist.*, 130 AD3d 852, 853 [2015], quoting *Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Custodi v Town of Amherst*, 20 NY3d 83, 88 [2012]; *Simone v Doscas*, 142 AD3d 494, 494 [2016]; *Philippou v Baldwin Union Free Sch. Dist.*, 105 AD3d 928, 929 [2013]). "Participants are not deemed to have assumed the risks of reckless or intentional conduct, or concealed or unreasonably increased risks" (*Brown v Roosevelt Union Free Sch. Dist.*, 130 AD3d at 854; *see Morgan v State of New York*, 90 NY2d at 485; *Simone v Doscas*, 142 AD3d at 494). Thus, "[a]n educational institution organizing a team sporting activity must exercise ordinary reasonable care to protect student athletes voluntarily participating in organized athletics from unassumed, concealed, or enhanced risks" (*Bukowski v Clarkson Univ.*, 19 NY3d 353, 356 [2012]; *see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]).

Here, the Supreme Court properly determined that the defendants failed to establish their prima facie entitlement to judgment as a matter of law. The defendants failed to elimi-

nate a triable issue of fact as to whether the placement of the steel plate in the vicinity of the playing field unreasonably increased the risk of injury to the participants (see *Simone v Doscas*, 142 AD3d at 494-495; *Philippou v Baldwin Union Free Sch. Dist.*, 105 AD3d at 930; *Viola v Carmel Cent. School Dist.*, 95 AD3d 1206, 1207 [2012]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendants' separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

The defendants' remaining contention is without merit. Chambers, J.P., Miller, Barros and Connolly, JJ., concur.