■ JENNIFER LEE et al., Respondents-Appellants, v BROOKLYN BOULDERS, LLC, Appellant-Respondent. [67 NYS3d 67]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), dated April 20, 2016, as denied its motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint to add a demand for punitive damages.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Jennifer Lee (hereinafter the injured plaintiff) allegedly was injured at the defendant's rock climbing facility when she dropped down from a climbing wall and her foot landed in a gap between two mats. According to the injured plaintiff, the gap was covered by a piece of velcro.

The plaintiffs commenced this action to recover damages for personal injuries, etc. The defendant moved for summary judgment dismissing the complaint, and the plaintiffs, inter alia, cross-moved for leave to amend the complaint to add a demand for punitive damages. The Supreme Court, inter alia, denied the motion and the cross motion. The defendant appeals and the plaintiffs cross-appeal.

Contrary to the defendant's contention, the release of liability that the injured plaintiff signed is void under General Obligations Law § 5-326 because the defendant's facility is recreational in nature (*see Serin v Soulcycle Holdings, LLC*, 145 AD3d 468, 469 [2016]; *Vanderbrook v Emerald Springs Ranch*, 109 AD3d 1113, 1115 [2013]; *Debell v Wellbridge Club Mgt., Inc.*, 40 AD3d 248, 249 [2007]; *Miranda v Hampton Auto Raceway*, 130 AD2d 558, 558 [1987]). Therefore, the release does not bar the plaintiffs' claims.

"Relieving an owner or operator of a sporting venue from liability for inherent risks of engaging in a sport is justified when a consenting participant is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Koubek v Denis*, 21 AD3d 453 [2005]). "If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *see Morgan v State of New York*, 90 NY2d at 484; *Joseph v New York Racing Assn.*, 28 AD3d 105, 108 [2006]). Moreover, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d at 484; *see Simone v Doscas*, 142 AD3d 494, 494 [2016]).

Here, the defendant failed to establish, prima facie, that the doctrine of primary assumption of risk applies. The defendant submitted the injured plaintiff's deposition testimony, which reveals triable issues of fact as to whether the gap in the mats constituted a concealed risk and whether the injured plaintiff's accident involved an inherent risk of rock climbing (*see Siegel v City of New York*, 90 NY2d 471, 488 [1997]; *Georgiades v Nassau Equestrian Ctr. at Old Mill, Inc.*, 134 AD3d 887, 889 [2015]; *Dann v Family Sports Complex, Inc.*, 123 AD3d 1177, 1178 [2014]; *Segal v St. John's Univ.*, 69 AD3d 702, 704 [2010]; *Demelio v Playmakers, Inc.*, 63 AD3d 777, 778 [2009]). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, its motion was properly denied,

regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion for leave to amend the complaint to add a demand for punitive damages (*see Jones v LeFrance Leasing Ltd. Partnership*, 127 AD3d 819 [2015]; *Hylan Elec. Contr., Inc. v MasTec N. Am., Inc.*, 74 AD3d 1148 [2010]; *Kinzer v Bederman*, 59 AD3d 496 [2009]). Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.