A.S. v City of New York (2021 NY Slip Op 02975)





A.S. v City of New York


2021 NY Slip Op 02975


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. 160866/16E Appeal No. 13806 Case No. 2020-03258 

[*1]A.S., an Infant by her Mother and Natural Guardian, Gizelle C., et al. Plaintiffs-Appellants,
v
The City of New York, Defendant-Respondent.


Mitchell Dranow, Sea Cliff, for appellants.
James E. Johnson, Corporation Counsel, New York (Anna W. Gottlieb of counsel), for respondent.



Judgment, Supreme Court, New York County (Verna L. Saunders, J.), entered January 30, 2020, dismissing the complaint, unanimously reversed, on the law, without costs, the judgment vacated, and the complaint reinstated.
Plaintiff, an experienced 16-year-old softball player was playing softball on an outdoor artificial turf field owned by defendant City of New York (the City). Plaintiff maintained that she sustained injures to her left knee when she stepped into a hole on the turf that had been placed over existing turf. The City contends that the hole was an open and obvious condition and that plaintiff assume the risk of injury. We disagree. The photographs in the record appear to depict a tear or seam in the turf that may have caused a concealed depression relative to the surrounding playing surface.
Accordingly, issues of fact exist whether the City was negligent in maintaining the field in a reasonably safe condition. Although a participant in an athletic activity is deemed to have assumed "those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation," there remain issues of fact as to whether plaintiff's injuries resulted from concealed or unreasonably increased risks (Morgan v State of New York, 90 NY2d 471, 484 [1997]; see also Martin v City of New York, 166 AD3d 499 [1st Dept 2018]; Serin v Soulcycle Holdings, LLC, 145 AD3d 468, 469 [1st Dept 2016]; Zelkowitz v Country Group, Inc., 142 AD3d 424, 427 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021