Schroeder v D'Alessio (2024 NY Slip Op 03775)

Schroeder v D'Alessio

2024 NY Slip Op 03775

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-08460
 (Index No. 501486/20)

[*1]Christopher Schroeder, appellant,
v
Dean D'Alessio, respondent.

Finkelstein & Partners, LLP, Newburgh, NY (Andrew L. Spitz of counsel), for appellant.
Mead, Hecht, Conklin & Gallagher, LLP, White Plains, NY (George P. Epstein II of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (Joseph J. Spofford, Jr., J.), dated August 30, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff was playing flag football with his friends, including the defendant, when he sustained injuries to his right tibia. The parties were playing for opposing teams, and there was contact between them, although they dispute the manner in which they came into contact with each other. The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff assumed the risk of injury by voluntarily playing in the game. In an order dated August 30, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity 'consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation'" (Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 853, quoting Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; Deserto v Goshen Cent. Sch. Dist., 153 AD3d 595, 596). Participants, however, are not deemed to have assumed the risks of reckless or intentional conduct or concealed or unreasonably increased risks (see Morgan v State of New York, 90 NY2d at 485; Turcotte v Fell, 68 NY2d 432, 439).
Here, the defendant failed to meet his initial burden as the movant. In support of his motion, the defendant submitted, inter alia, the deposition testimony of the parties, which presented conflicting accounts as to the facts surrounding the accident. According to the plaintiff, he jumped up and caught a ball. On his way down, while the plaintiff was still in the air, the defendant wrapped his arms around the plaintiff's shoulders. The defendant placed his weight on the plaintiff, and the plaintiff landed with the defendant on top of him. The defendant himself testified that "full-on" [*2]tackling was not permitted in flag football. According to the defendant, both parties attempted to catch the ball. When the plaintiff caught the ball, the defendant attempted to take the plaintiff's flag, which was around his waist, and their legs became entangled. The defendant denied that his arms made contact with the plaintiff's upper body. Viewing the evidence in the light most favorable to the plaintiff (see Stukas v Streiter, 83 AD3d 18, 22), the defendant failed to establish, prima facie, that he did not unreasonably enhance the risk of being injured while playing flag football and that the plaintiff assumed the risk of injury (cf. Buckvar v Syosset Cent. School Dist., 148 AD2d 409; see generally Grady v Chenango Val. Cent. Sch. Dist., 40 NY3d 89, 99-100).
Since the defendant did not meet his initial burden as the movant, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court