| |
|---|
| **Robinson v SoulCycle Inc.** |
| 2025 NY Slip Op 30595(U) |
| February 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159437/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**                          PART                **33M**

*Justice*

-----------------------------------------------------------------------X

LILY PARKER ROBINSON,

                     Plaintiff,

              - v -

SOULCYCLE INC.,SOULCYCLE LLC,SOULCYCLE
EQUIPMENT LLC,SOULCYCLE WEST 19TH STREET, LLC

                   Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159437/2021 |
| MOTION DATE | 01/30/2024 |
| MOTION SEQ. NO. | 002 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 84

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, and after a final submission date of December 10, 2024, Defendants SoulCycle Inc., SoulCycle LLC, SoulCycle Equipment LLC, and SoulCycle West 19th Street, LLC's (collectively "Defendants" or "SoulCycle") motion for summary judgment dismissing Plaintiff Lily Parker Robinson's ("Plaintiff") Complaint is denied.

### I.       Background

On July 21, 2021, Plaintiff attended a SoulCycle class in Manhattan at its West 19th Street location. Prior to class, she clipped her shoes to the spin bicycle's pedals. Plaintiff was pedaling while standing, as instructed, when her shoe became unclipped from the left pedal. She testified she slammed the spin bicycle's emergency brake, but the pedal continued rotating, resulting in a broken tibia. Defendants now move for summary judgment dismissing Plaintiff's Complaint, arguing Plaintiff cannot identify what caused her foot to become unclipped, and that this action is barred by the assumption of the risk doctrine.

[* 1]

## II. Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]).

### B. Assumption of the Risk

Defendants' motion seeking summary judgment pursuant to the assumption of the risk doctrine is denied. The assumption of the risk defense is only applicable where the risks of activity are fully comprehended or perfectly obvious (*A.L. v Chaminade Mineola Society of Mary, Inc.*, 203 AD3d 1033 [2d Dept 2022]; *Levy v Town Sports Intern., Inc.*, 101 AD3d 519 [1st Dept 2012]). Moreover, the doctrine does not apply where a defendant unreasonably heightens the risk of injury through their own negligence (*Serin v Soulcycle Holdings, LLC*, 145 AD3d 468 [1st Dept 2016]; *Lipari v Babylon Riding Center, Inc.*, 18 AD3d 824 [2d Dept 2005]). Here, there are issues of fact as to whether Defendants unreasonably increased the risk of harm to Plaintiff and whether the risks were "perfectly obvious" (*Qiao v Finn*, 189 AD3d 513 [1st Dept 2020]).

Specifically, Defendants' mechanic, Kenny Rodriguez, testified that there are preventative maintenance checklists which are filled out after each bicycle is inspected for defects. However,

159437/2021   ROBINSON, LILY PARKER vs. SOULCYCLE INC. ET AL
Motion No. 002

Page 2 of 4

[* 2]

2 of 4

he admitted that around the time of Plaintiff's accident, he did not fill out the required maintenance checklists (NYSCEF Doc. 59 at 33-34). Chris Jordan, SoulCycle's lead mechanic, testified that maintaining preventative maintenance records is "vital as far as making sure that the riders are safe" and for "making sure that the bikes are up and running." (NYSCEF Doc. 61 at 38). In the absence of any maintenance records, there is a triable issue of fact as to whether the bikes were being maintained adequately. Defendants' failure to maintain adequately the spin bicycle could not have been comprehended or "perfectly obvious" to Plaintiff making summary judgment on the assumption of the risk doctrine inappropriate. Further, Defendants' argument that Plaintiff's Complaint is barred by virtue of the release, waiver, and assumption of the risk agreement she signed has already been rejected by the First Department in an analogous case, as the agreement is void pursuant to New York General Obligations Law § 5-326 (*Serin v Soulcycle Holdings, LLC*, 145 AD3d 468, 469 [1st Dept 2016]).

### C. Causation

Defendants' argument that they are entitled to summary judgment because Plaintiff cannot identify what caused her foot to slip out of the pedal is without merit. The deposition testimony is clear that Plaintiff's injury was caused by her foot coming unclipped from the left pedal and the emergency brake failing to stop the pedal promptly. Plaintiff believes this happened due to SoulCycle's inadequate maintenance. Mr. Rodriguez also testified that the spin bicycle's brake pads can wear out, which prevents the wheel from stopping abruptly when the emergency brake is pressed, yet there are no written records when the brake pads on the spin bicycle at issue were last inspected or replaced (NYSCEF Doc. 59 at 42-43). While Defendants may dispute that they were negligent, it is an issue of fact for the jury to determine whether Plaintiff was injured based on Defendants' failure to maintain properly the spin bicycles.

**159437/2021   ROBINSON, LILY PARKER vs. SOULCYCLE INC. ET AL**
**Motion No.  002**

Page 3 of 4

3 of 4

[* 3]

Accordingly, it is hereby,

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's Complaint is denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 2/21/2025 | | | | *May V Rosado* JSC | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | **x** | NON-FINAL DISPOSITION | |
|------------|---|---------------|-------|----------------------|---|
| | | GRANTED | **x** DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159437/2021   ROBINSON, LILY PARKER vs. SOULCYCLE INC. ET AL**
**Motion No.  002**

**Page 4 of 4**

4 of 4

[* 4]