■ RUSSELL C. GERRY et al., Respondents, v COMMACK UNION FREE SCHOOL DISTRICT et al., Appellants. [860 NYS2d 133]—

In an action to recover damages for personal injuries, etc., the defendants Commack Union Free School District and Middle Country Central School District separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered May 11, 2007, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant Robert Dantone separately appeals from so much of the same order as denied his motion for the same relief.

Ordered that the order is reversed, on the law, with one bill of costs, and the appellants' respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them are granted.

The infant plaintiff Russell C. Gerry (hereinafter Gerry) allegedly was injured when he was hit with a shot that had been thrown by the defendant Robert Dantone while the two were participating in a high school track and field meet at Commack High School, a school in the defendant Commack Union Free School District (hereinafter Commack). At the time of the incident, Gerry was a student and a member of the track team at Centereach High School, a school in the defendant Middle Country Central School District (hereinafter Middle Country), and Dantone was a student and a member of the track team at Commack High School.

The defendants established their prima facie entitlement to judgment as a matter of law by presenting undisputed evidence that Gerry assumed the risks associated with his voluntary participation in the shot put event (*see Ciccone v Bedford Cent. School Dist.*, 21 AD3d 437, 438 [2005]). Gerry's deposition testimony, relied upon by the defendants in support of their motions, established that he was an experienced shot putter who previously had participated in 10 to 15 similar track meets and who previously had thrown a shot between 100 and 200 times. Gerry's deposition testimony further established that he understood the procedures and rules of the shot put event, including those related to safety, and also understood the inherent risks associated with the sport.

In opposition, the plaintiffs failed to raise any triable issues of fact as to whether the defendants unreasonably increased the risk of injury to Gerry (*see Janukajtis v Fallon*, 284 AD2d 428, 429 [2001]; *Weber v William Floyd School Dist., UFSD*, 272 AD2d 396, 397 [2000]). "In assessing whether a defendant has violated a duty of care in the context of an injury sustained during a sport or game, [it] must [be] determine[d] whether the defendant created a unique condition 'over and above the usual dangers that are inherent in the sport' " (*Convey v City of Rye School Dist.*, 271 AD2d 154, 158 [2000], quoting *Morgan v State of New York*, 90 NY2d 471, 485 [1997]). Here, there is no evidence in the record that any conduct on the part of the defendants created a unique condition over and above the usual dangers associated with the sport of shot put. Accordingly, the defendants' respective motions for summary judgment should have been granted.

We note that the Supreme Court properly disregarded the affidavit of the plaintiffs' expert, which appears to have been elicited solely to oppose the defendants' summary judgment motions. The expert was not identified by the plaintiffs until service of the affidavit nearly six months after the note of issue and certificate of readiness were filed attesting to the completion of discovery, and the plaintiffs offered no valid excuse for their delay in identifying the expert (*see Soldano v Bayport-Blue Point Union Free School Dist.*, 29 AD3d 891 [2006]; *Ortega v New York City Tr. Auth.*, 262 AD2d 470 [1999]). Rivera, J.P., Spolzino, Dickerson and Eng, JJ., concur.