■ THOMAS GODWIN et al., Appellants, v RUDY RUSSI et al., Respondents. [879 NYS2d 567]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Lally, J.), dated April 11, 2008, which, upon an order of the same court entered March 10, 2008, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against them dismissing the complaint. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed, with costs.

The infant plaintiff Thomas Godwin (hereinafter Thomas) was injured when he was hit with a baseball thrown by the infant defendant Rudy Russi (hereinafter Rudy) while the two were at a Little League team practice. The defendants moved for summary judgment dismissing the complaint contending that, by voluntarily participating in the Little League practice, Thomas assumed the risk of his injuries. The Supreme Court granted the motion. We affirm.

The defendants established their prima facie entitlement to summary judgment by presenting evidence that Thomas assumed the risks associated with his participation in the sport of baseball (*see Morgan v State of New York*, 90 NY2d 471 [1997]). Thomas, who was in tenth grade at the time of the incident, was an experienced baseball player. He had played the sport since he was five years old and also was on the high school baseball team. The risk of being hit by a baseball is inherent in the sport and Thomas placed himself between two ongoing games of catch (*see Sutfin v Scheuer*, 74 NY2d 697 [1989]).

In opposition, the plaintiffs failed to raise any triable issue of fact as to whether Rudy unreasonably increased the risk of injury to Thomas above and beyond the usual dangers inherent in the sport (*see Morgan v State of New York*, 90 NY2d 471 [1997]; *Turcotte v Fell*, 68 NY2d 432 [1986]; *Gerry v Commack Union Free School Dist.*, 52 AD3d 467 [2008]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Santucci, Chambers and Hall, JJ., concur. [*See* 2008 NY Slip Op 30750(U).]