■ STEVEN CHARLES, Respondent, v UNIONDALE SCHOOL DISTRICT BOARD OF EDUCATION, Appellant. [937 NYS2d 275]—

By engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation (*see Morgan v State of New York*, 90 NY2d 471, 484-486 [1997]; *Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Maddox v City of New York*, 66 NY2d 270, 277-278 [1985]). Participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of participation, but not to unassumed, concealed, or unreasonably increased risks (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]; *Turcotte v Fell*, 68 NY2d at 439; *Weller v Colleges of the Senecas*, 217 AD2d 280, 283 [1995]).

Here, the defendant failed to satisfy its prima facie burden of establishing its entitlement to judgment as a matter of law (*see Schmidt v Massapequa High School*, 83 AD3d 1039 [2011]; *Hubbard v East Meadow Union Free School Dist.*, 277 AD2d 353 [2000]). Although being struck with a passed ball is a known risk inherent in the sport of lacrosse (*see Godwin v Russi*, 62

AD3d 945 [2009]; *Fithian v Sag Harbor Union Free School Dist.*, 54 AD3d 719, 720 [2008]), the defendant failed to eliminate all triable issues of fact as to whether it unreasonably increased the risk of harm to the plaintiff by failing to provide him with head and face protection during preseason high school lacrosse practice (*see Hubbard v East Meadow Union Free School Dist.*, 277 AD2d at 353). Since the defendant did not establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied its motion for summary judgment dismissing the complaint, and it is unnecessary to consider the sufficiency of the plaintiff's opposing papers (*see e.g. Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.