■ Tara Blumstein et al., Respondents, v Half Hollow Hills Central School District, Appellant. [945 NYS2d 426]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 6, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The then-infant plaintiff, Tara Blumstein (hereinafter the injured plaintiff), and her mother, suing derivatively, commenced this action after the injured plaintiff, a member of her school's gymnastics team, allegedly sustained personal injuries at a team practice. The injured plaintiff was completing a maneuver when the heel of her foot landed between two mats. Several mats had

been fastened together with Velcro, but allegedly had become separated; the injured plaintiff alleged that they had been fastened in an improper manner. She testified at a deposition that, although she had been practicing for about 20 minutes when the accident occurred, she had not seen any gaps between the mats. The defendant moved for summary judgment, contending that the injured plaintiff assumed the risk of injury. The Supreme Court denied the motion, the defendant appeals, and we affirm.

The defendant failed to establish, prima facie, that the injured plaintiff, by participating in the gymnastics practice, assumed the risk of being injured in the manner in which she allegedly was injured here. The defendant's moving papers failed to demonstrate, prima facie, that the allegedly dangerous condition caused by improperly secured mats did not unreasonably increase the risk of injury inherent in gymnastics (*see Charles v Uniondale School Dist. Bd. of Educ.*, 91 AD3d 805 [2012]; *Alqurashi v Party of Four, Inc.*, 89 AD3d 1047, 1047-1048 [2011]; *compare Palladino v Lindenhurst Union Free School Dist.*, 84 AD3d 1194 [2011], *Bruno v Town of Hempstead*, 248 AD2d 576 [1998], *with Bocelli v County of Nassau*, 93 AD3d 747 [2012]). Since the defendant failed to establish its prima facie entitlement to relief, the Supreme Court properly denied the defendant's motion for summary judgment regardless of the sufficiency of the plaintiffs' opposition papers (*see Charles v Uniondale School Dist. Bd. of Educ.*, 91 AD3d at 806). Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.