■ Evan Kaminer, an Infant, by His Father and Natural Guardian, Danny Kaminer, et al., Appellants, v Jericho Union Free School District, Respondent. [34 NYS3d 88]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), entered July 8, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On March 10, 2012, the plaintiff Evan Kaminer (hereinafter Evan) was struck in the head by an errant baseball during his high school baseball team's practice. Evan had completed a fielding drill and was walking toward the bench when he was inadvertently struck in the temple by a ball thrown by a coach, who was wearing fleece winter gloves on that cold-weather day. Evan, by his father, and his father individually (hereinafter

together the plaintiffs), commenced this action against the defendant Jericho Union Free School District to recover damages, inter alia, for Evan's injuries. At his General Municipal Law § 50-h hearing, Evan testified that he had played little league and travel baseball for a number of years, was aware of the danger posed by errantly or wildly thrown baseballs, and had been struck by baseballs on prior occasions while fielding and batting.

The defendant moved for summary judgment dismissing the complaint, relying upon the doctrine of primary assumption of the risk, and submitting Evan's hearing testimony, among other things. In opposition, the plaintiffs argued that primary assumption of the risk did not apply, as the coach had unreasonably enhanced the risk of being struck by a baseball by throwing the ball while wearing a fleece glove, which impaired his ability to properly grip the ball. The Supreme Court granted the defendant's motion, and we affirm.

"The assumption of risk doctrine applies where a consenting participant in sporting and amusement activities 'is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks' " (*Bukowski v Clarkson Univ.*, 19 NY3d 353, 356 [2012], quoting *Morgan v State of New York*, 90 NY2d 471, 484 [1997]). "An educational institution organizing a team sporting activity must exercise ordinary reasonable care to protect student athletes voluntarily participating in organized athletics from unassumed, concealed, or enhanced risks" (*Bukowski v Clarkson Univ.*, 19 NY3d at 356). "Defendant's duty under such circumstances is a duty to exercise care to make the conditions as safe as they appear to be" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986]). "If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (*id.* at 439). "[I]t is not necessary to the application of the doctrine that the injured plaintiff may have foreseen the exact manner in which the injury occurred 'so long as he or she is aware of the potential for injury of the mechanism from which the injury results' " (*Joseph v New York Racing Assn.*, 28 AD3d 105, 108 [2006], quoting *Maddox v City of New York*, 66 NY2d 270, 278 [1985]).

Here, the defendant met its prima facie burden for summary judgment dismissing the complaint by establishing that Evan was aware of and appreciated the risks inherent in the sport of baseball, including the risk of being struck by an errant baseball, and that he voluntarily assumed that risk (*see Fithian v Sag Harbor Union Free School Dist.*, 54 AD3d 719, 720 [2008];

*Muniz v Warwick School Dist.*, 293 AD2d 724 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the coach's use of a fleece winter glove to throw the baseball subjected Evan to a concealed or unreasonably increased risk (*see Sanchez v City of New York*, 25 AD3d 776, 777 [2006]). Notably, "[t]he primary assumption of risk doctrine also encompasses risks involving less than optimal conditions" (*Bukowski v Clarkson Univ.*, 19 NY3d at 356). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Hall, J.P., Roman, Cohen and Connolly, JJ., concur.