Gonch v Baseball Heaven, Inc. (2019 NY Slip Op 03030)





Gonch v Baseball Heaven, Inc.


2019 NY Slip Op 03030


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-06330
 (Index No. 2064/15)

[*1]Jason Gonch, et al., appellants, 
v
Baseball Heaven, Inc., et al., respondents.


Maker, Fragale & Di Costanzo, LLP, Rye, NY (Costantino Fragale of counsel), for appellants.
Miranda Sambursky Slone Sklarin Verveniotis, LLP, Mineola, NY (Ondine Slone and Kelly Zic of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Putnam County (Robert DiBella, J.), dated March 20, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 30, 2015, the infant plaintiff, who was then 16 years old, allegedly sustained injuries while playing in a baseball game during a tournament held on the defendants' premises. The infant plaintiff slipped on artificial turf as he was running to second base and struck the second base bag with the inner portion of his left foot, allegedly sustaining injuries that included, inter alia, a fractured fibula. In 2012, the defendants had resurfaced the subject field, which was made of artificial turf, and installed stationary anchored bases. The infant plaintiff, by his mother, and his mother suing derivatively (hereinafter together the plaintiffs), commenced this action against the defendants to recover, inter alia, damages for personal injuries. The plaintiffs alleged that the defendants were negligent in, among other things, failing to warn players of the use of stationary anchored bases instead of breakaway bases. After issue was joined, the defendants moved for summary judgment dismissing the complaint on the ground, among others, that the infant plaintiff assumed the risk of his injuries. The Supreme Court granted the motion, and the plaintiffs appeal.
The assumption of risk doctrine applies where a consenting participant in sporting and amusement activities is aware of the risks, has an appreciation of the nature of the risks, and voluntarily assumes the risks (see Morgan v State of New York, 90 NY2d 471, 484; Kaminer v Jericho Union Free Sch. Dist., 139 AD3d 1013, 1015; Cruz v Longwood Cent. Sch. Dist., 110 AD3d 757; Godwin v Russi, 62 AD3d 945). Under the doctrine of primary assumption of risk, a person who voluntarily participates in a sporting activity generally consents, by his or her participation, to those injury-causing events, conditions, and risks which are inherent in the activity (see O'Connor v Hewlett-Woodmere Union Free Sch. Dist., 103 AD3d 862, 862-863). Here, in support of their motion for summary judgment, the defendants submitted evidence, including the infant plaintiff's deposition testimony, showing that the infant plaintiff was an experienced baseball player and that he was aware of the rigidity of the bases on the field prior to the accident. In opposition to the [*2]defendants' prima facie showing, the plaintiffs failed to raise a triable of fact as to whether the infant plaintiff assumed the risk of his injuries, including whether the defendants unreasonably increased the risk of injury above and beyond the usual dangers inherent in the sport at the time of the accident by using stationary anchored bases as opposed to breakaway bases (see id. at 863).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court