Cannizzaro v County of Westchester (2023 NY Slip Op 00201)

Cannizzaro v County of Westchester

2023 NY Slip Op 00201

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-04101
 (Index No. 51309/18)

[*1]Dennis Cannizzaro, et al., appellants,
v
County of Westchester, respondent, et al., defendant.

Rosalyn Maldonado, P.C., Valley Stream, NY (Rachel L. Kaylie of counsel), for appellants.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated April 28, 2020. The order granted the motion of the defendant County of Westchester for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, without costs or disbursements.
The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries he allegedly sustained after falling off the "Derby Racer," an amusement park ride that is owned and operated by the defendant County of Westchester. The Derby Racer has been in operation since 1928, and is described as a fast-moving carousel with wooden horses that move up and down as the ride spins around a stationary center console. Riders are instructed to place their feet into stirrups located on each side of the wooden horse and to lean to the left, towards the center console, so as to counteract the centrifugal force created as the ride spins. Each horse is also equipped with a metal handlebar for the rider to hold. The injured plaintiff, who was 70 years old at the time of the accident and had a pacemaker, testified at his deposition that he had ridden the Derby Racer on at least two prior occasions before the day of the accident without incident, but that on the day of the accident he was unable to hold himself on the wooden horse he had chosen and was "thrown" to the right onto the walkway that surrounds the Derby Racer when the ride reached "full speed." The County moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that the action was barred by the doctrine of primary assumption of the risk. In an order dated April 28, 2020, the Supreme Court granted the County's motion. The plaintiffs appeal, and we affirm.
Under the doctrine of primary assumption of the risk, a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the . . . [activity] generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Leslie v Splish Splash at Adventureland, 1 AD3d 320, 321). Assumption of the risk is not an absolute defense but rather a measure of the defendant's duty of care, which is "'to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, [the participant] has consented to them and [the] defendant has performed its duty'" (Maharaj v City of New York, 200 AD3d 769, 770, quoting Turcotte v Fell, 68 NY2d 432, 439). "Awareness of the risk is 'to be [*2]assessed against the background of the skill and experience of the particular plaintiff'" (Philius v City of New York, 161 AD3d 787, 788, quoting Morgan v State of New York, 90 NY2d at 486).
Here, the County established its prima facie entitlement to judgment as a matter of law by submitting evidence that the injured plaintiff was aware of and appreciated the risks inherent in riding the Derby Racer, including the risk that he might fall off the ride if he was unable to hold himself on the wooden horse, and that he voluntarily assumed the risk (see Leslie v Splish Splash at Adventureland, 1 AD3d at 321; Burrows v Union Free School Dist. of Tarrytowns, 250 AD2d 799, 800). In opposition, the plaintiffs failed to establish the existence of a dangerous condition over and above the obvious risks inherent in riding the Derby Racer (see Leslie v Splish Splash at Adventureland, 1 AD3d at 321; Loewenthal v Catskill Funland, 237 AD2d 262, 263). The opinion of the plaintiffs' expert that the injured plaintiff's tall height and heavy weight increased the risk that he would be unable to hold himself on the wooden horse and that the County should have warned him of that increased risk failed to raise a triable issue of fact, as the injured plaintiff knew the risk inherent in riding the Derby Racer and therefore could make his own judgment as to whether he would be able to hold himself on the ride (see Turcotte v Fell, 68 NY2d at 439; Toro v New York Racing Assn., Inc., 95 AD3d 999, 1001; Bukowski v Clarkson Univ., 86 AD3d 736, 738, affd 19 NY3d 353). In addition, the record demonstrates that the County posted appropriate warning signs which complied with Labor Law § 870-e, and that all relevant safety measures were followed by the ride operators, including both a safety announcement and an individualized inspection of the injured plaintiff's position on the horse before the ride began.
The plaintiffs' remaining contentions are either not properly before this Court or without merit.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court