Ohlsen v William Floyd Sch. Dist. (2024 NY Slip Op 05218)

Ohlsen v William Floyd Sch. Dist.

2024 NY Slip Op 05218

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2021-03105
 (Index No. 18515/15)

[*1]Amanda Ohlsen, etc., et al., respondents,
v
William Floyd School District, et al., appellants.

Congdon, Flaherty, O'Callaghan, Travis & Fishlinger, Uniondale, NY (Micahel T. Reagan of counsel), for appellants.
Edward R. Young (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated March 24, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In February 2015, Amanda Ohlsen (hereinafter the infant plaintiff), a student at William Floyd High School, was a member of that school's junior varsity cheerleading team. On the day of the incident, she performed a "twist down" stunt with three other cheerleaders. To perform the stunt, two "base" cheerleaders stand side by side, and boost another cheerleader, the "flier," into the air. While in the air, the flier wraps her arms around herself and twists—going from a vertical to a horizontal position—after which she is supposed to be caught in a "cradle position" by the base cheerleaders and a "back" cheerleader.
The infant plaintiff's group attempted the stunt multiple times, and each time the infant plaintiff and two of her teammates were supposed to catch the flier. However, according to the infant plaintiff, over the course of approximately eight attempts, she was struck by the flier a number of times, each time causing her to be knocked down to the ground and hit her head. The infant plaintiff and one of her teammates testified at their depositions that their coach, the defendant Chantel Church, observed at least a few of these instances, directed the group to keep practicing, and allowed them to continue practicing the stunt. On the evening of the incident, the infant plaintiff was taken to Stony Brook University Hospital where she was diagnosed with multiple traumatic brain injuries and a concussion.
In October 2015, the infant plaintiff, by her mother, and her mother suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. By order dated March 24, 2021, the Supreme Court denied the defendants' motion. The defendants appeal.
The defendants failed to meet their burden of establishing their prima facie entitlement to judgment as a matter of law dismissing the complaint. Under the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity "consents to those [*2]commonly appreciated risks which are inherent in and arise out of the nature of the [activity] generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Cannizzaro v County of Westchester, 212 AD3d 702, 703). "'[I]t is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results. A participant is not, however, deemed to have assumed risks that are concealed or unreasonably enhanced'" (E.Z. v Hewlett-Woodmere Union Free Sch. Dist., 227 AD3d 1038, 1039, quoting Grady v Chenango Val. Cent. Sch. Dist., 40 NY3d 89, 95; see Lungen v Harbors Haverstraw Homeowners Assn., Inc., 206 AD3d 714, 715). Thus, as relevant here, "[a]n educational institution organizing a team sporting activity must exercise ordinary reasonable care to protect student athletes voluntarily participating in organized athletics from unassumed, concealed, or enhanced risks" (Bukowski v Clarkson Univ., 19 NY3d 353, 356; see M.F. v Jericho Union Free Sch. Dist., 172 AD3d 1056, 1057; Kaminer v Jericho Union Free Sch. Dist., 139 AD3d 1013, 1014).
Here, the defendants failed to establish, prima facie, that the doctrine of primary assumption of risk barred the plaintiffs' recovery. The defendants failed to eliminate a triable issue of fact as to whether they unreasonably enhanced the risk of injuries when Church directed the students to continue practicing and did not stop the students from continuing to practice the twist down stunt after she observed that the infant plaintiff had been knocked down to the ground and hit her head multiple times while performing the stunt (see E.Z. v Hewlett-Woodmere Union Free Sch. Dist., 227 AD3d at 1039-1040).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court