Greiber v National Coll. Athletic Assn. (2025 NY Slip Op 06693)

Greiber v National Coll. Athletic Assn.

2025 NY Slip Op 06693

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2021-09616
 (Index No. 600400/17)

[*1]Samantha Greiber, respondent, 
v
National Collegiate Athletic Association, appellant, et al., defendants (and a third-party action).

McDermott Will & Emery, New York, NY (Andrew B. Kratenstein, Jennifer B. Routh, pro hac vice, William P. Schuman, pro hac vice, and Alex C. Boota, pro hac vice, of counsel), for appellant.
Law Office of Peter S. Smith, PLLC, Northport, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant National Collegiate Athletic Association appeals from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), entered December 3, 2021. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant National Collegiate Athletic Association for summary judgment dismissing the amended complaint insofar as asserted against it is granted.
In March 2013 and January 2014, the plaintiff, a collegiate lacrosse player, allegedly suffered concussions during team practice, first when she was struck in the head by a lacrosse ball and then when she collided with another player. On January 11, 2017, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant National Collegiate Athletic Association (hereinafter the NCAA). Thereafter, the NCAA moved for summary judgment dismissing the amended complaint insofar as asserted against it. In an order entered December 3, 2021, the Supreme Court, inter alia, denied the NCAA's motion. The NCAA appeals.
"The doctrine of primary assumption of risk provides that 'by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation'" (Herrera v Town of Kent, 241 AD3d 658, 660, quoting Balgley v City of New York, 218 AD3d 427, 427). "'Participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of participation, but not to unassumed, concealed, or unreasonably increased risks'" (Mazze v Manhattanville Coll., 226 AD3d 887, 888, quoting Charles v Uniondale School Dist. Bd. of Educ., 91 AD3d 805, 805). "Assumption of the risk is not an absolute defense but rather a measure of the defendant's duty of care, which is to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, [the participant] has consented to them and [*2][the] defendant has performed its duty" (Cannizzaro v County of Westchester, 212 AD3d 702, 703 [internal quotation marks omitted]; see Maharaj v City of New York, 200 AD3d 769, 770, affd 44 NY3d 964). "The purpose served by eliminating the duty to protect a plaintiff from such inherent risks is to advance a social policy to facilitate free and vigorous participation in athletic activities, which have enormous social value" (Annitto v Smithtown Cent. Sch. Dist., 210 AD3d 615, 618 [citations and internal quotation marks omitted]), and "to preserve these beneficial pursuits as against the prohibitive liability to which they would otherwise give rise" (Grady v Chenango Val. Cent. Sch. Dist., 40 NY3d 89, 94-95 [internal quotation marks omitted]; see Katleski v Cazenovia Golf Club, Inc., _____ NY3d _____, _____, 2025 NY Slip Op 02178, *2).
The NCAA established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it based upon the doctrine of primary assumption of risk. In support of its motion, the NCAA submitted, among other things, an NCAA concussion fact sheet intended for student athletes, informed consent forms, which were executed by the plaintiff and emphasize the severity of concussions, an NCAA rule book and sports medicine handbook for 2012-2013, which discuss concussion risks, various studies and articles indicating that concussions occur with some frequency in women's lacrosse, and a transcript of the plaintiff's deposition testimony, which indicated that she knew that women's lacrosse players were at risk of suffering concussions. The amended complaint itself includes allegations that the plaintiff had played organized lacrosse since the age of seven, played lacrosse on her high school team, and was recruited at Hofstra University on an athletic scholarship specifically to play collegiate lacrosse.
Thus, the NCAA demonstrated, prima facie, that it did not violate its duty to exercise ordinary reasonable care to protect the plaintiff from unassumed, concealed, or unreasonably increased risks, and that by voluntarily participating in collegiate women's lacrosse despite her knowledge that doing so carried a risk of suffering concussions, the plaintiff assumed the risk of injury that was inherent in the sport (see Charles v Uniondale School Dist. Bd. of Educ., 91 AD3d at 805-806; Cusano v Board of Educ. of Liverpool Cent. School Dist., 275 AD2d 1026, 1026; cf. Calderone v Molloy Coll., 177 AD3d 692, 694).
In opposition to the NCAA's prima facie showing of its entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it based upon the doctrine of primary assumption of risk, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the NCAA did not unreasonably increase the risk of injury to players above what is customary in the sport by failing to alter the customary rule prohibiting players from wearing hard helmets (see Katleski v Cazenovia Golf Club, Inc., _____ NY3d at _____, 2025 NY Slip Op 02178, *2-3; Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 643). Furthermore, the plaintiff failed to submit evidence indicating that the NCAA concealed the risk of concussion or that the NCAA's failure to alter its rules was reckless (see Katleski v Cazenovia Golf Club, Inc., _____ NY3d at _____, 2025 NY Slip Op 02178, *2-3; Morgan v State of New York, 90 NY2d 471, 486). The NCAA was not obligated to exercise reasonable care to guard against reasonably foreseeable injuries if the plaintiff assumed the risk of those injuries (see Ziegelmeyer v United States Olympic Comm., 7 NY3d 893 ; Roberts v Boys & Girls Republic, Inc., 51 AD3d 246, 250-251, affd 10 NY3d 889).
Also contrary to the plaintiff's contention, she did not raise a triable issue of fact as to the application of the inherent compulsion doctrine, which "provides that the defense of assumption of the risk is not a shield from liability, even where the injured party acted despite obvious and evident risks, when the element of voluntariness is overcome by the compulsion of a superior" (Benitez v New York City Bd. of Educ., 73 NY2d 650, 658; see Hanson v Sewanhaka Cent. High Sch. Dist., 155 AD3d 702, 704). Here, the plaintiff testified at her deposition only that she was required to play women's lacrosse or risk losing her athletic scholarship. Consequently, the inherent compulsion doctrine is inapplicable.
LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court